**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARISOL MEDINA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NYC HARLEM FOODS INC, BRONX 163 FOODS INC., BRONX MARKET FOODS INC, NYC 143 FOODS INC, NYC 96 FOODS INC, NYC 89 FOODS INC, NYC PARK FOODS INC, NYC 125 FOODS INC, NYC 159 FOODS INC, NYC 155 FOODS INC, SUNNYSIDE BK QSR INC, NYC 116 BK QSR INC, NYC 116 FOODS INC, NYC 121 FOODS INC, NYC 114 FOODS INC, BRONX PROSPECT FOODS INC., NYC 145 FOODS INC., NYC LENOX FOODS INC., NYC 178 FOODS INC., BRONX 138 FOODS INC., RV EASTCHESTER FOODS INC., NYC 148 FOODS INC., NYC LEXINGTON FOODS INC., NYC 161 FOODS INC., BRONX 170 FOODS INC., ANDHRA FOODS INC., SOMYA FOODS, INC., RVN FOODS INC., and SRINIVASA RAO TUMMALAPENTA, individually,<br><br>Defendants. | Civil Action No.:<br>21-CV-1321<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff MARISOL MEDINA ("Plaintiff" or "Named Plaintiff") brings this class action for damages and other legal and equitable relief against Defendants NYC HARLEM FOODS INC, BRONX 163 FOODS INC., BRONX MARKET FOODS INC, NYC 143 FOODS INC, NYC 96 FOODS INC, NYC 89 FOODS INC, NYC PARK FOODS INC, NYC 125 FOODS INC, NYC 159 FOODS INC, NYC 155 FOODS INC,SUNNYSIDE BK QSR INC, NYC 116 BK QSR INC, NYC 116 FOODS INC, NYC 121 FOODS INC, NYC 114 FOODS INC, BRONX PROSPECT FOODS INC., NYC 145 FOODS INC., NYC LENOX FOODS INC., NYC 178 FOODS INC., BRONX 138 FOODS INC., RV EASTCHESTER FOODS INC., NYC 148 FOODS INC., NYC LEXINGTON FOODS INC., NYC 161 FOODS INC., BRONX 170 FOODS INC., ANDHRA FOODS INC., SOMYA FOODS, INC., RVN FOODS INC., and SRINIVASA RAO

1

TUMMALAPENTA (collectively "Defendants"), upon personal knowledge as to herself and upon information and belief as to all others similarly situated ("Class Plaintiffs" or the "Class"), for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("N.Y.C.R.R."), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

## INTRODUCTION

1.      This is an action brought by Plaintiff challenging acts committed by Defendants against Plaintiff and the Class amounting to class claims of violations of Federal and State wage and hour laws.

## PARTIES

2.      Plaintiff is a resident of the State of New York.

3.      Upon information and belief, Defendant NYC HARLEM FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

4.      Upon information and belief, Defendant BRONX 163 FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

5.      Upon information and belief, Defendant BRONX MARKET FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

6.      Upon information and belief, Defendant NYC 143 FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

7.      Upon information and belief, Defendant NYC 96 FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

8.      Upon information and belief, Defendant NYC 89 FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

9.      Upon information and belief, Defendant NYC PARK FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

10.     Upon information and belief, Defendant NYC 125 FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

11.     Upon information and belief, Defendant NYC 159 FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

12.     Upon information and belief, Defendant NYC 155 FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

13.     Upon information and belief, Defendant SUNNYSIDE BK QSR INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

14.     Upon information and belief, Defendant NYC 116 BK QSR INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

15.     Upon information and belief, Defendant NYC 116 FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

16.     Upon information and belief, Defendant NYC 121 FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

17.     Upon information and belief, Defendant NYC 114 FOODS INC is a domestic corporation incorporated pursuant to the laws of the State of New York.

18.     Upon information and belief, Defendant BRONX PROSPECT FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

19.     Upon information and belief, Defendant NYC 145 FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

20.     Upon information and belief, Defendant NYC LENOX FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

21.     Upon information and belief, Defendant NYC 178 FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

22.     Upon information and belief, Defendant BRONX 138 FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

23.     Upon information and belief, Defendant RV EASTCHESTER FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

24.     Upon information and belief, Defendant NYC 148 FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

25.     Upon information and belief, Defendant NYC LEXINGTON FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

26.     Upon information and belief, Defendant NYC 161 FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

27.     Upon information and belief, Defendant BRONX 170 FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

28.     Upon information and belief, Defendant ANDHRA FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

29.     Upon information and belief, Defendant SOMYA FOODS, INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

30.     Upon information and belief, Defendant RVN FOODS INC. is a domestic corporation incorporated pursuant to the laws of the State of New York.

31.     Upon information and belief, Defendant SRINIVASA RAO TUMMALAPENTA is a natural person residing in the State of New Jersey and is an owner/officer of the corporate Defendants.

32.     Upon information and belief, Defendants jointly own and operate fast food establishments throughout New York State.

33.     Upon information and belief, Defendants are subject to common ownership, management, oversight, pay practices, policies, and procedures.

34.     Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

35.     Upon information and belief, at all relevant times, Defendants were "employers" within the meaning of all applicable statues, and an enterprise engaged in commerce as defined by the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

36.     Plaintiff was throughout her entire employment with Defendants, a covered, non-exempt employee within the meaning of the NYLL and the FLSA. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

## JURISDICTION AND VENUE

37.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

38.     The damages sought for Plaintiff individually, inclusive of attorneys' fees, are in excess of $75,000.

5

39.     Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

40.     The damages sought on a class-wide basis, inclusive of attorneys' fees, are in excess of $5,000,000.

41.     Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).

42.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor law.

43.     Venue is further proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of all hourly workers who were employed at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the "Class Period").

45.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). Plaintiff seeks to represent a class consisting of similarly situated employees who worked for Defendants in New York as non-exempt hourly workers (the "Class").

46.     Hereinafter, members of the Class will be referred to as "Class Plaintiffs."

47.     The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendants, upon information and belief the size

6

of the Class is believed to be in excess of 500 individuals. In addition, the names of all potential members of the Class are not known.

48.    The Class Plaintiffs are manual workers as defined in the New York Labor Law, having spent more than 25% of their working time engaged in physical labor.

49.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

50.    Plaintiff has identified several causes of action applicable to the Class, including, but not necessarily limited to, Defendants': (a) failure to compensate Class Plaintiffs for all hours worked, including accrued sick time; (b) failure to compensate Class Plaintiffs for overtime hours worked, including at the statutory overtime rate of pay; (c) failure to timely pay Class Plaintiffs all wages owed; (d) failure to pay statutory wages for uniform maintenance; (e) improper deductions from Class Plaintiffs' wages; (d) failure to provide Class Plaintiffs with accurate wage statements accompanying each payment of wages; and (e) failure to provide Class Plaintiffs with a hiring notice at or before their times of hire.

51.    There is no conflict between Plaintiff and any other member of the Class.

52.    The questions of law and fact common to the Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, the following:

      a.    whether Plaintiff and Class Plaintiffs worked hours for which they were not compensated;

      b.    whether Plaintiff and Class Plaintiffs were required to wear uniforms during the course of their employment;

c.   whether Defendants offered, in writing, to launder or otherwise maintain Plaintiff's and Class Plaintiffs' uniforms free of charge and with reasonable frequency;

d.   whether Plaintiff and Class Plaintiffs were supplied sufficient articles of clothing consistent with the average number of days per week worked by Plaintiff and Class Plaintiffs;

e.   whether Plaintiff and Class Plaintiffs were paid overtime at the statutory rate of pay for hour worked over 40 in each workweek;

f.   whether Defendants provided Plaintiff and Class Plaintiffs with a hiring notice at or before their time or hire or any time thereafter;

g.   whether Defendants provided Plaintiff and Class Plaintiff with accurate statements accompanying each payment of wages;

h.   the damages to which Plaintiff and Class Plaintiffs are entitled due to the Defendants' repeated delayed payment of wages under NYLL § 191(1).

53.   The Plaintiff's claims are typical of the claims of the class she seeks to represent. Plaintiff and all of the Class members work, or have worked, in the State of New York for Defendants. They all spent at least 25% of their time engaged in manual labor.

54.   Plaintiff and Class Plaintiffs were all subject to Defendants' policies and willful practices of failing to pay employees all earned wages, and thus, Plaintiff and Class Plaintiffs have sustained similar injuries as a result of Defendants' actions.

55.   Upon information and belief, Defendants uniformly apply the same employment policies, practices, and all procedures to non-exempt hourly employees who work at Defendants' locations in New York State.

56.    Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, she must represent and consider the interests of the Class just as they would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the Class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

57.    The defenses that Defendants are likely to assert against the Plaintiff's claims are typical of the defenses that Defendants are likely to assert against the Class.

58.    Plaintiff and her counsel will fairly and adequately protect the interests of the Class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

59.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Although the relative damages suffered by individual Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Plaintiff and the Class members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

60.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter,

would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## **FACTS**

61.     All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.

62.     Plaintiff was employed by Defendants from approximately 2004 through present.

63.     Plaintiff is, and was at all times during her employment with Defendants, an hourly employee of Defendants.

64.     Plaintiff performed work for Defendants in New York State.

65.     Plaintiff is regularly scheduled for five days per week, with shifts in excess of eight hours.

66.     Plaintiff was required to clock in and out every shift using Defendants timekeeping system.

67.     Defendants did not pay Plaintiff based off of the hours worked and entered into Defendants' timekeeping system. Instead , each pay period, Defendants would pay Plaintiff for an arbitrary amount of hours that were less than the actual amount of hours worked by Plaintiff.

68.     Plaintiff routinely worked hours in excess of 40 in a week without overtime compensation.

69.     For example, during the week of January 17, 2021, Plaintiff 's time punch cards did reflect 41.41 hours, and yet, Plaintiff was not paid overtime for that workweek.

70.     Plaintiff's wage statement for the two-week pay period from January 10, 2021 to January 23, 2021, did not reflect any overtime hours worked at all.

71.     Plaintiff was not compensated for all hours worked at any rate of pay.

72.    For example, during the week of January 17, 2021, Plaintiff was not paid for each hour worked, and was paid for less than 40 hours, despite working 41.41 hours.

73.    Upon information and belief, Defendants would log into Defendants' timekeeping system, and using their administrative privileges, alter Plaintiff's hours to reflect less time than she actually worked. This practice was consistent throughout Plaintiff's employment, depriving her of pay in each week that Plaintiff worked for Defendants.

74.    Defendants' practices resulted in Plaintiff being paid a reduced amount of straight and overtime wages.

75.    Plaintiff spent at least 25% of her time engaged in physical labor, including, but not limited to, preparing food for customers, checking inventory, working the cash register, and other duties.

76.    Plaintiff was at all times during her employment with Defendants a manual worker.

77.    Throughout her employment with Defendants, Plaintiff was paid on a bi-weekly basis.

78.    New York Labor Law § 191 requires Defendants to pay manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."

79.    Under NYLL § 191(1)(a)(i) & (ii), an employer may obtain authorization from the commissioner of labor to pay manual workers "in accordance with the agreed terms of employment, but not less frequently than semi-monthly."

80.    Upon information and belief, Defendants are not authorized by the commissioner to pay manual workers, including the Plaintiff, on a bi-weekly basis.

81.    Defendants made improper deductions from Plaintiff's pay.

82.     For example, when Defendants' locations would be issued tickets for improper sanitation, or if equipment broke down, Defendants' would deduct an amount from Plaintiff's pay. These deductions were not for the benefit of Plaintiff nor were they authorized by Plaintiff.

83.     Defendants' required that Plaintiff wear "promotional" uniforms designed around specific promotions.

84.     Plaintiff would only receive one "promotional" uniform for each promotion.

85.     Each promotion period usually lasted approximately one month, before the promotion would expire, and new promotions would begin either immediately thereafter or after a delay.

86.     During each promotional period, Plaintiff was required to wear only that specific promotional uniform.

87.     Despite working five days per week, Plaintiff would receive one uniform.

88.     Once a specific promotion was over, that uniform could no longer be worn during the next promotion.

89.     During such times as Defendants required promotional uniforms, Plaintiff was owed uniform maintenance pay.

90.     At no time was Plaintiff ever paid uniform maintenance pay.

91.     Plaintiff was not provided a hiring notice at or before her time of hire nor any time thereafter.

92.     Plaintiff was not provided with accurate wage statements at any time, with each wage statement reflecting fewer hours worked than Plaintiff actually worked in each week.

93.     As a result of Defendants intentionally paying Plaintiff for fewer hours than she actually worked, the statements that Plaintiff received accompanying the payment of wages were inaccurate.

94.     Defendants' pattern of conduct was continuous throughout Plaintiff's employment.

95.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Violation of the Fair Labor Standards Act - Overtime**

96.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

97.     Plaintiff and the Class were required to work in excess of 40 hours a week without being compensated for those hours at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time periods.

98.     This practice is in violation of the Fair Labor Standards Act.

99.     Due to Defendants' violations of the FLSA, Plaintiff and the Class are entitled to recover from Defendants the difference between the amount they were actually paid, and the amount that they should have been paid had Defendants paid them overtime at the rate of time and on half their base rate of pay for hours worked over 40 in any week. In addition, Plaintiff and the Class are entitled to recover liquidated damages equal to 100% of the underpayment, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Violation of the New York Labor Law - Overtime**

100.    Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

101.     Plaintiff and the Class were required to work in excess of 40 hours a week without being compensated for those hours at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time periods.

102.     This practice is in violation of the New York Labor Law.

103.     Due to Defendants' violations of the New York Labor Law, Plaintiff and the Class are entitled to recover from Defendants the difference between the amount they were actually paid, and the amount that they should have been paid had Defendants paid them overtime at the rate of time and on half their base rate of pay for hours worked over 40 in any week. In addition, Plaintiff and the Class are entitled to recover liquidated damages equal to 100% of the underpayment, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**<u>For Violation of the New York Labor Law – Timely Pay</u>**

104.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

105.     The wage provisions of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Class.

106.     Plaintiff and the Class were manual workers as defined by the NYLL.

107.     Pursuant to the NYLL § 190 *et seq*. including, but not limited to §§190, 191, 193, 198, 650, and 652 the Defendants have willfully failed to pay Plaintiff wages for all hours worked in a timely fashion as set forth in the preceding paragraphs of this Complaint to Plaintiff.

108.     Defendants failed to timely pay Plaintiff and Class Plaintiffs the wages to which they are entitled under the NYLL and other supporting New York Department of Labor Regulations on a weekly basis.

109.     By Defendants' knowing and/or intentional failure to timely pay Plaintiff and Class Plaintiffs all wages and commissions, Defendants have knowingly violated the NYLL and other supporting New York Department of Labor Regulations.

110.     Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants 100% liquidated damages for each failure to timely pay wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF AND THE CLASS
### For Violation of the New York Labor Law - Wage Statements

111.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

112.     Defendants willfully failed to supply Plaintiff and the Class, as required by NYLL § 195(3) with an accurate statement with every payment of wages listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

113.     Defendants through their knowing or intentional failure to provide Plaintiff and the Class with accurate wage statements willfully violated the NYLL.

114.     Due to Defendants' willful violation of the NYLL, Plaintiff, and each member of the Class, are entitled to statutory damages of $250 for each day that Defendants failed to provide them with an accurate wage statement, to a maximum of $5,000 each, plus reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Violation of the New York Labor Law – Hiring Notice**

115.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

116.     Defendants did not provide Plaintiff or the Class, at their time of hire, or any time thereafter, a hiring notice, required by NYLL § 195(1), including *inter alia*; rate or rates of pay, including overtime rate of pay; how Plaintiff and the Class were to be paid: by the hour, shift, day, week, commission, etc.; regular payday; official name of the employer and any other names used for business (DBA); address and phone number of the employer's main office or principal location; and allowances taken as part of the minimum wage (tips, meal and lodging deductions).

117.     Defendants willfully failed to supply Plaintiff and the Class, as required by NYLL, with a hiring notice.

118.     Due to Defendants' willful violation of the NYLL, Plaintiff, and each member of the Class are entitled to statutory damages of $50 for each day that Defendants failed to provide them with a hiring notice, to a maximum of $5,000 each, plus reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Violation of the New York Labor Law – Failure to Pay Wages**

119.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

120.     The wage provisions of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Class.

121.     Pursuant to the NYLL § 190 *et seq*. including, but not limited to §§190, 191, 193, 198, 650, and 652 the Defendants have willfully failed to pay Plaintiff wages for all hours worked as set forth in the preceding paragraphs of this Complaint to Plaintiff.

16

122.     By arbitrarily and unilaterally reducing Plaintiff's and the Class's hours in the timekeeping system, despite Plaintiff and the Class working those hours, Defendants have failed to pay Plaintiff and Class Plaintiffs the wages to which they are entitled under the NYLL and other supporting New York Department of Labor Regulations.

123.     Defendants did regularly deduct from Plaintiff's and Class Plaintiff's wages costs not for the benefit of Plaintiff and Class Plaintiffs, including, but not limited to, costs incurred for health code violations and costs associated with broken or old equipment.

124.     Defendants' made deductions from Plaintiff's and Class Plaintiff's wages without authorization, in writing, from Plaintiff and Class Plaintiffs.

125.     Defendants failed to pay Plaintiff and the putative class for days in which Plaintiff and the putative class were sick, despite Plaintiff and the Putative Class have accrued enough hours to cover the sick days pursuant to the New York Paid Sick Leave and New York City's Earn Sick Time Act.

126.     By Defendants' knowing and/or intentional failure to pay Plaintiff and Class Plaintiffs all wages, Defendants has knowingly violated the NYLL and other supporting New York Department of Labor Regulations.

127.     Due to Defendants' violations of the NYLL, Plaintiff and Class Plaintiffs are entitled to recover from Defendants the difference between the amount they were actually paid, and the amount that they should have been paid had Defendants paid them all wages. In addition, Plaintiff and Class Plaintiffs are entitled to recover liquidated damages equal to 100% of the underpayment, reasonably attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Violation of the New York Labor Law – Uniform Maintenance Pay**

128.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

129.     Defendants' required that Plaintiff and the Class Plaintiffs wear "promotional" uniforms designed around specific promotions.

130.     Defendants required that Plaintiff and Class Plaintiffs wear the uniform in a clean condition during each shift worked.

131.     Plaintiff and each Class Plaintiff would only receive one "promotional" uniform for each promotion.

132.     Each promotion period usually lasted approximately one month, before the promotion would expire, and new promotions would begin either immediately thereafter or after a delay.

133.     During each promotional period, Plaintiff and each Class Plaintiffs were required to wear only that specific promotional uniform.

134.     Despite working several days per week, Plaintiff and Class Plaintiffs would receive one uniform.

135.     Once a specific promotion was over, that uniform could no longer be worn during the next promotion.

136.     During such times as Defendants required promotional uniforms, Plaintiff and Class Plaintiffs were owed uniform maintenance pay.

137.     At no time was Plaintiff ever paid uniform maintenance pay.

138.     Plaintiff and Class Plaintiff's uniform would become dirty, odorous, and soiled after each shift, requiring daily washing, after each shift.

139.    Defendants failed to supply sufficient articles of uniform clothing consistent with the average number of days per week worked by Plaintiff and Class Plaintiffs.

140.    Defendants did not, and did not offer to, wash, iron, dry clean, alter, repair, or perform other maintenance necessary for Plaintiff's and Class Plaintiff's required uniform.

141.    Defendants did not maintain Plaintiff's and Class Plaintiff's required uniforms under the meaning of the New York Labor Law.

142.    Defendants did not, and did not offer to, launder the required uniforms free of charge and with reasonable frequency, and did not inform Plaintiff or Class Plaintiffs in writing of such service.

143.    Respondent's willful conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including the New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146, including section 1-7 therein, and/or the former New York Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. Part 137.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all Class Plaintiffs, respectfully requests that this Court grant the following relief:

1.    Certification as a class as described herein pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2.    Designation of Plaintiff as representative of the Class and Plaintiff's counsel as lead counsel for the class;

3.    All damages which Plaintiff and Class Plaintiffs have sustained as a result of Defendants' conduct, including:

a.    Actual damages;

19

      b.   Liquidated damages equal to 100% of actual damages;

      c.   Liquidated damages equal to 100% of untimely wage payments;

      d.   An award of statutory damages for each workday that Defendants failed to provide Plaintiff and the Class with an accurate wage statement, or a total of $5,000 each; and

      e.   An award of statutory damages for each workday that Defendants failed to provide Plaintiff and the Class with a hiring notice, or a total of $5,000 each;

4.     Awarding Plaintiff and the Class their costs and disbursements incurred in connection with this action including reasonable attorneys' fees;

5.     Pre-judgment and post-judgment interest, as provided by law; and

6.     Granting such other and further relief as this Court deems necessary and proper.

Dated: Commack, New York
      February 12, 2020

                                  _____
                                  James Bouklas, Esq.
                                  Bouklas Gaylord LLP
                                  *Attorneys for Plaintiffs*
                                  357 Veterans Memorial Highway
                                  Commack, NY 11725
                                  Phone: (516) 742-4949
                                  james@bglawny.com