**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARISOL MEDINA, individually and on behalf of all others similarly situated, | Civil Action No.: 21-CV-1321 |
| Plaintiff, | |
| v. | |
| NYC HARLEM FOODS INC, BRONX 163 FOODS INC., BRONX MARKET FOODS INC, NYC 143 FOODS INC, NYC 96 FOODS INC, NYC 89 FOODS INC, NYC PARK FOODS INC, NYC 125 FOODS INC, NYC 159 FOODS INC, NYC 155 FOODS INC, SUNNYSIDE BK QSR INC, NYC 116 BK QSR INC, NYC 116 FOODS INC, NYC 121 FOODS INC, NYC 114 FOODS INC, BRONX PROSPECT FOODS INC., NYC 145 FOODS INC., NYC LENOX FOODS INC., NYC 178 FOODS INC., BRONX 138 FOODS INC., RV EASTCHESTER FOODS INC., NYC 148 FOODS INC., NYC LEXINGTON FOODS INC., NYC 161 FOODS INC., BRONX 170 FOODS INC., ANDHRA FOODS INC., SOMYA FOODS, INC., RVN FOODS INC., and SRINIVASA RAO TUMMALAPENTA, individually, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION (i) CERTIFYING THIS MATTER AS A CLASS ACTION; (ii) DESIGNATING BOUKLAS GAYLORD, LLP AS CLASS COUNSEL; (iii) APPROVING FOR PUBLICATION THE PROPOSED NOTICE OF CLASS ACTION LAWSUIT AND PUBLICATION ORDER; (iv) DESIGNATING MARISOL MEDINA AS CLASS REPRESENTATIVE and (v) SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS APPROPRIATE.**

Submitted by:

Bouklas Gaylord LLP
*Attorneys for Plaintiffs*
357 Veterans Memorial Highway
Commack, New York 11725

**TABLE OF CONTENTS**

Table of Contents ………………………………………………..….   i

Table of Authorities ……………………………………………..….   iii

Introduction ………………………………………………………….   1

I.   Factual and Procedural Background …………………………….   1

    A.  Nature of Plaintiff's Claims and Defendants' Defenses ………...   1

    B.  Settlement Negotiations ……………………………………   2

II.  Summary of the Settlement Terms …………………….…………..   2

    A.  The Settlement Fund ………………………………………   2

    B.  Eligible Employees …………………………………………   3

    C.  Releases ……………………………………………………   3

    D.  Allocation Formula …………………………………………   4

    E.  Attorney's Fees, Litigation Costs, and Service Awards …………   4

III. Class Action Settlement Procedure …………………………………   5

IV.  The Court Should Grant Plaintiff's Request to Provisionally Certify
    The Rule 23 Settlement Class …………………………………………   7

    A.  Numerosity …………………………………………………   7

    B.  Commonality and Predominance ………………………………   7

    C.  Typicality …………………………………………………   8

    D.  Fair and Adequate Representation ………………………………   9

    E.  Superiority ………………………………………………..   11

V.   Preliminary Approval of the Settlement is Appropriate ………………   11

    A.  The Settlement is Fair, Reasonable, and Adequate ………………   13

    B.  Litigation Through Trial Would Be Complex, Costly,
    and Long (*Grennel* Factor 1) …………………………………   14

C.  The Reaction of the Class Has Been Positive
(*Grennel* Factor 2) …………………………………………….   15

D.  Discovery Has Advanced Far Enough to Allow the Parties to
Resolve the Case Responsibly (*Grennel* Factor 3) ……………   15

E.  Plaintiff Would Face Real Risks if the Case Proceeed
(*Grennel* Factors 4 and 5) ………………………………….   16

F.  Risks Involved in Maintaining the Class Through Trial
(*Grennel* Factor 6) ………………………………………….   17

G.  Defendants Ability to Withstand a Greater Judgment is Not
Determinative ((*Grennel* Factor 7) ………………………….   17

H.  The Settlement Fund is Substantial, Even in Light of the Best
Possible Recovery and the Attendant Risks of Litigation
(*Grennel* Factor 8 and 9) ………………………………….   17

VI.  The Notice Plan, Distribution Process, and Releases are Appropriate …..   18

VII.  The Court Should Set a Date for a Final Approval Hearing …………….   20

Conclusion …………………………………………………………….   21

## **TABLE OF AUTHORITIES**

Cases

*Beckman v. KeyBank N.A.*, 293 F.R.D. 467 (2013) ……………………………………… 4

*Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 n.7 (E.D.N.Y. 2006) ……………… 12

*Brown v. Dr Smood 1151 Broadway LLC et al.*, 18-CV-8038 (S..D.N.Y. 2014) ……….. 9

*Cagan v. Anchor Sav. Bank FSB*,
    No. 88 Civ. 3024, 1990 WL 73423, at *12-13 (E.D.N.Y. May 22, 1990) ………. 18

*Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999) …………… 9

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) …………………….. *passim*

*Clark v. Ecolab Inc.*, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) ……………… 12

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d. Cir. 1995)) ………….. 7

*Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008) ………………… 9

*D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) ………………………………… 14

*Davis v. Praxis Housing Initiatives, Inc.*,
    Index No. 156439-2019 (New York County Sup. Ct., March 3, 2021) ………….. 10

*deMunecas v. Bold Food*,
    No. 09 Civ. 00440, 2010 U.S. Dist. LEXIS 87644 (S.D.N.Y 2010) …………….. 13

*Dickerson v. 75 Cedar Road Corp. et al*, 17-cv-937 (E.D.N.Y. 2017) ………………….. 9

*Dorn v. Eddington Sec., Inc.*,
    No. 08 Civ. 10271, 2011 WL 382200, at *3 (S.D.N.Y. Jan. 21, 2011) ………….. 16

*Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) ………………….. *passim*

*Frederick v. OS Restaurants LLC*,
    Index No. 151139-2018 (Richmond County Sup. Ct. March 8, 2021) …………... 10

*Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982) …………………………… 12

*Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ………………………… 13

*Gortat v. Capal Bros.*, 257 F.R.D. 353, 365 (E.D.N.Y. 2009) …………………………. 10

*Hernandez v. Immortal Rise, Inc.*, 2012 WL 5862749, at *1 (E.D.N.Y 2013) ………….. 13

*Hernandez v. NY4 Pretzels, Inc., et al.,*
    Index No. 159825-2018 (Queens County Sup. Ct. 2018) ………………………... 10

*Howard, et al. v. Home Depot U.S.A., Inc.*, 18-CV-4549 (E.D.N.Y. 2018) ……………. 9

*In re Austrian & German Bank Holocaust Litig.,*
    80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000) ……………………………………….. 14, 17, 18

*In re EVCI Career Colls. Holding Corp. Sec. Litig.,*
    2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007) …………………………….. 13

*In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969) …………………………. 16

*In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) ………. 19

*In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) …… 12

*In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997) ………….. 16

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) …... 12

*In re: Sinus Buster Prods. Consumer Litig.,*
    2014 U.S. Dist. LEXIS 158415 at *9 (E.D.N.Y. Nov. 10, 2014) ……………….. 7, 8

*In re Traffic Exec. Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980) …………………… 12

*In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ……………… 11, 15

*Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000) ……………………………….. 19

*Johnson v. Brennan,*
    No. 10 Civ. 4712, 2011 WL 4357376 at *3 (S.D.N.Y. Sept. 16, 2011) …………. 19

*Kelen v. World Fin. Network Nat'l Bank,*
    2014 U.S. Dist. LEXIS 112079 at * 11 (S.D.N.Y July 28, 2014) ……………….. 9

*Kirkland et al. v. Kangaroo Fleet Management NY LLC,*
    505299-2018, Kings County Sup. Ct 2018) …………………………………….. 10

*Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 175 (S.D.N.Y. 2014) ……………………. 8

*Mattone et al. v. Komara et al.*, 15-6395 (E.D.N.Y. 2015) …………….……………….. 9

*Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995) ……… 12

*Mudry v. Stop & Shop Supermarket Company LLC,*
    Index No. 156865-2021 (New York County Sup. Ct. January 4, 2022) ………… 9

*Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972) …………………………………….. 18

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982) …………. 18

*Palacio v. E\*TRADE Fin. Corp.*,
 No. 10 Civ. 4030, 2012 WL 1058409, at \*1 (S.D.N.Y. Mar. 12, 2012) ………… 13

*Prince v. Project Renewal, Inc.*,
 Index No. 160708-2019 (New York County Sup. Ct., Sept. 21, 2021) ………….. 10

*Reyes v. Altamarea Grp., LLC*,
 No. 10 Civ. 6451, 2011 WL 4599773 (S.D.N.Y. June 3, 2011) …………………. 13

*Scott v. U.S. Security Associates, Inc.*,
 Index No. 54298-2019 (Westchester Sup. Ct. October 15, 2021) ……………….. 9

*Velez v. Majik Cleaning Serv., Inc.*,
 No. 03 Civ. 8698, 2007 WL 7232783, at \*6 (S.D.N.Y. June 25, 2007) …………. 16

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ……………... 11

Statutes

Fed. R. Civ. P. 23 …………………………………………………………….. *passim*

NYCRR § 146-1.7 ………………………………………………………………. 2

NYLL § 190 ……………………………………………………………………... 1

NYLL § 633 ……………………………………………………………………... 1

NYLL § 650 ……………………………………………………………………... 1


Other Authorities

Manual for Complex Litigation (Third) § 30.41 ……………………………………… 13

Newberg § 11.22 *et seq.* …………………………………………………………… *passim*

Weinstein-Korn-Miller, New York Civil Practice, ¶ 901.19 ……………………………. 11

## <u>INTRODUCTION</u>

Subject to this Court's approval, Named Plaintiff Marisol Medina ("Plaintiff") and Defendants NYC Harlem Foods Inc, Bronx 163 Foods Inc., Bronx Market Foods Inc, Nyc 143 Foods Inc,  NYC 96 Foods Inc, NYC 89 Foods Inc, NYC Park Foods Inc, NYC 125 Foods Inc, NYC 159 Foods Inc, NYC 155 Foods Inc, Sunnyside Bk Qsr Inc, NYC 116 Bk Qsr Inc, NYC 116 Foods Inc, NYC 121 Foods Inc, NYC 114 Foods Inc, Bronx Prospect Foods Inc., NYC 145 Foods Inc., NYC Lenox Foods Inc., NYC 178 Foods Inc., Bronx 138 Foods Inc., Rv Eastchester Foods Inc., NYC 148 Foods Inc., NYC Lexington Foods Inc., NYC 161 Foods Inc., Bronx 170 Foods Inc., Andhra Foods Inc., Somya Foods, Inc., Rvn Foods Inc., And  Srinivasa Rao Tummalapenta (collectively, "Defendants") (together with Plaintiff, the "Parties") have settled this wage and hour class action. The Parties respectfully request that the Court enter the agreed-upon proposed order submitted herewith granting preliminary approval of the Joint Stipulation of Settlement and Release (the "Agreement" or "Settlement Agreement"), and approve the documents attached to the Agreement as Exhibits A and B. Further, for settlement purposes only, Plaintiffs ask the Court (which request Defendants do not oppose) to (1) provisionally certify the class ("Class") pursuant to Fed. R. Civ. P. 23, (2) appoint Medina as the class representative of the Class, and (4) appoint Bouklas Gaylord LLP, counsel for Plaintiff ("Plaintiff's Counsel") as class counsel. Unless otherwise defined herein, all terms used in the instant motion will have the same meaning as defined in the Agreement

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  <u>Nature of Plaintiff's Claims and Defendants' Defenses</u>

This is an action pursuant to the New York Labor Law § 190 et seq.; New York Labor Law § 633 and 650 et seq.; 12 New York Codes, Rules, and Regulations (hereinafter referred to as

"NYCRR") § 146-1.7, to recover unpaid wages allegedly owed to Plaintiffs and other persons who performed work for Defendants during the relevant period. The gravamen of Plaintiffs' claims is that she and other similarly situated employees of Defendants were not paid all wages to which they were entitled. Defendants assert that they fully complied with all applicable wage and hour laws.

### B. **Settlement Negotiations**

The parties devoted substantial time attempting to settling this action. To this end, Plaintiff's Counsel conducted interviews with the Plaintiff, reviewed data produced by Defendants and other information for the putative class members, and counsel for the Parties participated in numerous telephonic conferences. Over a period of approximately five months, the parties attended multiple mediation sessions by the highly-experienced and well-regarded mediator Patrick Mike McKenna. Mr. McKenna further facilitated additional negotiations outsides of these mediation sessions. Negotiations toward a final written agreement continued over the course of several weeks, with the Parties exchanging multiple drafts of the settlement agreement and the exhibits thereto. The Parties ultimately submit their Proposed Settlement Agreement on dated.

## II.    SUMMARY OF THE SETTLEMENT TERMS

### A. **The Settlement Fund**

Defendants have agreed to pay a sum not to exceed One Million Three Hundred Thousand Dollars ($1,300,000) (the "Gross Settlement Amount") to settle the Litigation. Such payment is subject to the limitations set forth in the Agreement, such as Defendants' right to terminate the Agreement if the value of claims actually filed exceeds twenty percent of the Settlement Amount. *See* Settlement Agreement § 2.12(A). The Gross Settlement Amount covers awards to the Rule 23

Class, Court-approved attorneys' fees and costs, administration costs, and Court-approved service awards.

### B. Eligible Employees

In addition to Plaintiff, the Agreement covers the claims of the following group (collectively, the "Class Members"): Each and every person who is or was employed by Defendants as a non-exempt employee during of February 15, 2015 and the date that this Court issues the Preliminary Approval Order (the "Relevant Period"). *See* Settlement Agreement § 1.6.

### C. Releases

Under the terms of the Agreement, each Class Member who timely file a Claim Form ("Claimants") are releasing claims that were or could have been asserted in the Class Action Complaint against Defendants and/or Defendants' present and former owners, officers, directors, agents, attorneys and employees, stemming from Claimants' employment with Defendants, including all FLSA Claims and NYLL Claims, as well as all claims for minimum wages, overtime wages, spread of hours compensation, and frequency of pay claims, plus interest, reasonable Claimant Counsels' attorneys' fees, costs, and expenses, Settlement Claims Administrator's fees and costs, Service Awards, interest and damages. *See* Settlement Agreement § 1.27.

Class members that do not timely file a Claim Form shall release claims that have been asserted in the Class Action Complaint against Defendants and/or Defendants' present and former owners, officers, directors, agents, attorneys and employees, stemming from Class Members' employment with Defendants, including all FLSA Claims and NYLL Claims, as well as all claims for minimum wages, overtime wages, spread of hours compensation, and frequency of pay claims, plus interest, reasonable Claimant Counsels' attorneys' fees, costs, and expenses, Settlement Claims Administrator's fees and costs, Service Awards, interest and damages *Id*. at § 1.28.

3

### D.  **Allocation Formula**

All Claimants shall be issued a Settlement Check by Claims Administrator in accordance with the Agreement and the Final Approval Order. See Settlement Agreement par. 3.2 Each Claimant will receive a settlement payment calculated by a distribution formula based on the amount of weeks worked by each Claimant during the relevant time period applicable to that individual. *Id*. at § 3.2. The settlement payments shall be calculated as follows:

> The "Individual Numerator" shall be the number of weeks each individual worked for Defendants during the Class Period. The "Total Denominator" shall be determined by adding together each Individual Numerator. Each Class Member's "Distribution Percentage" shall be determined by dividing each such person's Individual Numerator by the Total Denominator. The "Individual Settlement Amount" for each class member shall be determined by multiplying each such person's Distribution Percentage by the Net Settlement Fund.

For purposes of determining the eligibility of individuals to participate in this settlement, and for purposes of calculating Settlement Payments pursuant to this section, Defendants' records are conclusively presumed to be correct, and the Parties agree to cooperate in good faith to resolve any disputes that arise with respect to eligibility and for purposes of calculating Settlement Payments.

### E.  **Attorneys' Fees, Litigation Costs, and Service Awards**

At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees and costs. Plaintiffs' Counsel will apply for one-third of the Gross Settlement Amount, which is well-within the range approved in the Second Circuit and in this District. *See, e.g., Beckman v. Keybank, N.A.*, 293 F.R.D. 467 (2013). Plaintiff will further apply for a service award for Plaintiff

in the amount of $25,000. The Court need not rule on the proposed attorneys' fees award or service awards now. Plaintiff will file separate motions asking the Court to approve them simultaneously with the Parties' Motion for Judgment and Final Approval of the settlement, and will append time records and other supporting information.

## III.    CLASS ACTION SETTLEMENT PROCEDURE

The well-defined class action settlement procedure includes three distinct steps: (1) preliminary approval of the proposed settlement; (2) dissemination of notice of settlement to class members; and (3) a final settlement approval hearing at which Rule 23 class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented. *See* Fed. R. Civ. P. 23(e); *see also Herbert B. Newberg & Alba Conte, Newberg on Class Actions ("Newberg")*, §§ 11.22, et seq. (4th ed. 2002). The Parties request that the Court take the first two steps –granting preliminary approval of the Agreement and approving distribution of the proposed Notices to Class Members in accordance with the Agreement.

The Parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

Within ten (10) Days after the Court's entry of a Preliminary Approval Order, Defendants shall compile and transmit, in electronic form, a Class Member List including; (i) the name; (ii) last known address; (iii) all known email addresses; (iv) last known telephone number; (v) weeks worked; and (vi) social security numbers, for all Class Members *See* Settlement Agreement § 1.8, 2.7(A).

Within thirty (30) Days after the Court's entry of the Preliminary Approval Order, the Claims Administrator shall mail, via United States First Class Mail, postage prepaid, and electronic mail, the final versions of the Court Approved Notice and Claim Form. *Id*.

Class Members will have _____ days from mailing of Notice to file a Claim Form, opt out of the settlement; or object to the settlement. *Id*.

The Court shall schedule a Fairness Hearing for final approval of the settlement no earlier than 60 days plus the number of days set by the Court for the Bar Date after Preliminary Approval Order Signed. *Id*.

No later than seven (10) days before the Fairness Hearing, the Parties will jointly file with the Court a Motion for Judgment and Final Approval. *Id*.

After the Fairness Hearing, if the Court grants the Parties' Motion for Judgment and Final Approval, the Court will issue a Final Order. The settlement will become Final thirty (30) days after the Court's Final Order approving this Agreement; provided the time to file a Notice of Appeal from the Final Order has expired with no notice of appeal having been filed, or if a Notice of Appeal is filed, the latest of the following, if applicable, has occurred: (i) any appeal from the Final Order has been finally dismissed; (ii) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (iii) the time to petition for review with respect to any appellate decision affirming the Final Order has expired with no request for further review/appeal having been timely filed; and (iv) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court. *Id*. at §§ 1.15, 1.16.

## IV.   THE COURT SHOULD GRANT PLAINTIFFS' REQUEST TO PROVISIONALLY CERTIFY THE RULE 23 SETTLEMENT CLASS

### A.  *Numerosity*

Defendants have estimated that there are 1,100 members of the Class. Courts in the Second Circuit have held that "numerosity is presumed at a level of 40 members." *In re: Sinus Buster Prods. Consumer Litig.*, 2014 U.S. Dist. LEXIS 158415 at *9 (E.D.N.Y. Nov. 10, 2014) (*citing Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d. Cir. 1995)). It is clear that the class is so numerous that joinder of all members is impracticable.

### B.  *Commonality and Predominance*

Common questions of law and/or fact predominate over questions affecting only individual members. These common questions include:

Common Factual/Legal Questions:

a)  whether Plaintiff and Class Plaintiffs worked hours for which they were not compensated;

b)  whether Plaintiff and Class Plaintiffs were required to wear uniforms during the course of their employment;

c)  whether Defendants offered, in writing, to launder or otherwise maintain Plaintiff's and Class Plaintiffs' uniforms free of charge and with reasonable frequency;

d)  whether Plaintiff and Class Plaintiffs were supplied sufficient articles of clothing consistent with the average number of days per week worked by Plaintiff and Class Plaintiffs;

e)  whether Plaintiff and Class Plaintiffs were paid overtime at the statutory rate of pay for hour worked over 40 in each workweek;

f)   whether Defendants provided Plaintiff and Class Plaintiffs with a hiring notice at or before their time or hire or any time thereafter;

g)   whether Defendants provided Plaintiff and Class Plaintiff with accurate statements accompanying each payment of wages;

h)   the damages to which Plaintiff and Class Plaintiffs are entitled due to the Defendants' repeated delayed payment of wages under NYLL § 191(1).

forms, and the extent to which damages no longer accrue after potential cure.

Each of these core issues involves the existence of a common nucleus of operative facts based on Defendant's common policies and procedures.

Plaintiff asserts that Defendants maintained common ownership, control, and operating procedure over each of the locations that Defendants operated in New York. Plaintiff further asserts that part of this common operating procedure was to systematically withhold wages from employees, and that Defendants did not provide compliant hiring notices and wage statements to their employees. The alleged harm is identical between Plaintiff and each and every member of the class. Settlement damages are also easily calculated by applying a mechanical formula to the class as a whole. Because the requirement may be satisfied with even one common issue, it (*Se In re: Sinus Buster Prods. Consumer Litig.*, 2014 U.S. Dist. LEXIS 158415 at *10 (*citing Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 175 (S.D.N.Y. 2014) ("'e[v]en a single common legal or factual question will suffice") the commonality and predominance requirements are thus satisfied.

C.   *Typicality*

Plaintiff's claims are typical of the claims of the members of the putative class. Plaintiff, like every other member of the class, alleges that she is entitled to unpaid wages. Plaintiff, like every other member of the putative class, has therefore been injured by Defendants in the same

manner. *See Kelen v. World Fin. Network Nat'l Bank*, 2014 U.S. Dist. LEXIS 112079 at * 11 (S.D.N.Y July 28, 2014); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008) (*citing Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999) ("Typicality 'does not require that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claims as to that of the other members of the proposed class.")

D. *Fair and Adequate Representation*

Plaintiff and Class Counsel will fairly and adequately represent and safeguard the rights and interests of the class. Counsel from Bouklas Gaylord LLP are experienced litigators who have successfully represented employees in numerous claims against their employers in the context of wage and hour lawsuits, including in class actions. Courts routinely approve settlements entered into by Bouklas Gaylord LLP. *Brown v. Dr Smood 1151 Broadway LLC et al.*, 18-CV-8038 (Bouklas Gaylord LLP was awarded over $87,000 in attorneys' fees and costs, representing one-third of the $261,458.84 class settlement fund in a matter alleging wage and hour violations); *Mattone et al. v. Komara et al.*, 15-6395(ADS)(GRB) (E.D.N.Y. 2015); *Dickerson v. 75 Cedar Road Corp. et al*, 17-937 (ADS)(AKT) (E.D.N.Y. 2017); *Howard, et al. v. Home Depot U.S.A., Inc.*, 18-CV-4549 (ILG)(RER) (E.D.N.Y. 2018); *Mudry v. Stop & Shop Supermarket Company LLC*, Index No. 156865-2021 (New York County Sup. Ct. January 4, 2022) (Honorable Shlomo Hagler appointing Bouklas Gaylord class counsel for a class of approximately 53,000 class members and preliminarily approving a settlement of $2,250,000); *Scott v. U.S. Security Associates, Inc.*, Index No. 54298-2019 (Westchester Sup. Ct. October 15, 2021), (the Honorable James W. Hubert granted final approval of a class action settlement of $889,415.50 and awarded

Bouklas Gaylord attorney's fees of $296,471.83 representing one-third of the settlement fund); *Frederick v. OS Restaurants LLC*, Index No. 151139-2018 (Richmond County Sup. Ct. March 8, 2021) (Bouklas Gaylord LLP was also awarded $100,000 in attorneys' fees and costs, representing one-third of the $300,000 class settlement fund); *LeeAnn Hernandez v. NY4 Pretzels, Inc., et al.*, Index No. 159825-2018 (Queens County Sup. Ct. 2018) (the Supreme Court, Honorable Timothy J. Dufficy, granted final approval of a $119,500 and awarded Bouklas Gaylord one-third as legal fees). *Kirkland et al. v. Kangaroo Fleet Management NY LLC*, Index No. 505299-2018 (Kings County Sup. Ct. 2018) (Bouklas Gaylord appointed class counsel and approval for a fee in the amount of one-third of the class settlement fund in the matter of); *Prince v. Project Renewal, Inc.*, Index No. 160708-2019 (New York County Sup. Ct., Sept. 21, 2021) (Hon. Laurence Love granting final approval of $90,000 class action settlement and awarding Bouklas Gaylord one-third of settlement fund as legal fees); *Davis v. Praxis Housing Initiatives, Inc.*, Index No. 156439-2019 (New York County Sup. Ct., March 3, 2021) (Hon. Laurence Love granting final approval of $75,000 class action settlement and awarding Bouklas Gaylord one-third of settlement fund as legal fees).

The interests of the class will also be fairly and adequately protected by Plaintiff. Plaintiff has a real and direct pecuniary interest in pursuing this action having spent time working for Defendants and having been allegedly unpaid for her work. *See Velez*, 2005 U.S. Dist. LEXIS 709 at *20; *see also Gortat v. Capal Bros.*, 257 F.R.D. 353, 365 (E.D.N.Y. 2009). Additionally, to the best of Class Counsel's knowledge, there is no competing litigation already commenced by any member of the class.

E.  *Superiority*

Settlement on a class basis is to superior to other available methods for the fair and efficient resolution of this action. The alternative would be the potential filing of over 1,100 individual actions, which is neither an effective means by which to accomplish justice, nor an economical use of the Court's time and resources. Certification of the class would also avoid the possibility of conflicting determinations and the imposition of different and perhaps incompatible standards upon Defendants. Further, given the expense of litigation and the relatively small size of numerous individual claims, many members of the class simply could not afford to pursue redress absent class treatment. Given these facts, a class action is superior to other available methods of settling this controversy. *See 2 Weinstein-Korn-Miller*, New York Civil Practice, ¶ 901.19 at 9-97 ("[T]he superiority requirement is most likely to be met in the paradigmatic case for which the class action device was developed: a case in which a large number of claimants each suffer damage in a small individual amount. In such cases, the class action is not only a superior device, but the only device by which all such claims may be adjudicated."). Here, class treatment will create uniform resolution of the issues, and achieve judicial economy, convenience and fairness to all parties. Accordingly, Plaintiff respectfully requests that the Court certify the Class pursuant to Rule 23 to effectuate this settlement.

## V.      PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The law favors compromise and settlement of class action suits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotation marks and citation omitted); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation, and it should therefore be

11

encouraged."); *see also Newberg* § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy."). The approval of a proposed class action settlement is a matter of discretion. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). "[C]ourts should give proper deference to the private consensual decision of the parties . . . [and] should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Clark v. Ecolab Inc.*, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks and citations omitted).

Under Rule 23, a court's review of a proposed class settlement is a "two-step process." *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Initially, the court decides whether the settlement should be provisionally approved and, if this is so, "notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval." *Id*. At the provisional approval stage – the present stage in this matter – the court's review is relatively lenient. *See, e.g., Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 n.7 (E.D.N.Y. 2006). The court need only "determine whether the proposed settlement is within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982) (internal citations and quotations omitted); *see also In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (citation omitted) (noting that the court's first-stage analysis consists of a review for "obvious deficiencies").

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (*citing Newberg* § 11.25). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec.*

*Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980); *Newberg* § 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members) (*quoting Manual for Complex Litigation (Third)* § 30.41). Further, Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See, e.g., Hernandez v. Immortal Rise, Inc.*, 2012 WL 5862749, at *1 (E.D.N.Y 2013) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E\*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (same); *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599773 (S.D.N.Y. June 3, 2011) (same); *deMunecas v. Bold Food*, No. 09 Civ. 00440, 2010 U.S. Dist. LEXIS 87644 (S.D.N.Y 2010) (same).

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007). Preliminary approval is the first step in the settlement process. It simply allows notice to issue and for class members to join in the settlement, object or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of class members' input.

A. The Settlement Is Fair, Reasonable, and Adequate

In evaluating a class action settlement, courts in the Second Circuit generally consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)

("*Grinnell*"). Although the Court's task on a motion for preliminary approval is merely to perform an "initial evaluation," to determine whether the settlement falls within the range of possible final approval, or "the range of reasonableness", it is useful for the Court to consider the criteria on which it will ultimately judge the settlement. *Newberg* §§ 11.25, 11.26.

The *Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463. All of the *Grinnell* factors weigh in favor of approval of the settlement, and certainly in favor of preliminary approval.

### B.   <u>Litigation Through Trial Would Be Complex, Costly, and Long (*Grennell Factor 1*)</u>

By reaching a favorable settlement prior to dispositive motions or trial, the Parties avoid significant expense and delay. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig*., 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), aff'd sub nom. *D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001); see also *Frank*, 228 F.R.D. at 184-85 (finding a $75,000 wage-and-hour matter complex, noting that "the costs of continued litigation will be substantial and will quickly outweigh the recovery that could be achieved"). This case is no exception.

Further litigation in this matter would cause additional expense and delay. Plaintiff would have to demand documents and make interrogatory requests formally in discovery after an Initial

Conference, would have to proceed to depositions, and then file a motion to preliminarily certify the collective action – this timeline would take many months and many dozens, if not more, hours of work by Plaintiff's counsel and Defendants' counsel. There would likely be motions and cross-motions for summary judgment, which if denied by the Court, would lead to a trial. Any judgment would likely be appealed, further extending the litigation.

This settlement makes monetary relief available to the Class Members in a prompt and efficient manner, by contrast. Therefore, the first *Grinnell* factor weighs in favor of approval.

C. The Reaction of the Class Has Been Positive (*Grinnell* Factor 2)

Notice of the settlement and its details has not yet been issued to the class. The Court will have the opportunity to more fully analyze this factor after Notice issues and the Class Members are given the opportunity to opt out or object.

D. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*Grinnell* Factor 3)

The Parties have completed enough discovery to recommend settlement. The proper question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004).

The Parties' discovery here meets this standard. Plaintiffs' Counsel conducted an investigation and legal research on the underlying merits of the potential class claims, the likelihood of obtaining damages, and the proper measure of damages. They also researched Defendants' likely affirmative defenses. After filing, Plaintiffs' Counsel conducted further investigations including, but not limited to, interviewing Plaintiff. Over a period of approximately five months, the parties attended four separate mediation sessions with the highly-experienced and well-regarded mediator Patrick Mike McKenna. Each of these mediation sessions was productive

15

and helped to narrow the issues for a settlement. Mr. McKenna further facilitated additional negotiations outsides of these mediation sessions. The Parties have engaged in extensive back-and-forth with respect to discovery, with Defendants having produced hundreds of pages of pertinent documents with Plaintiff's counsel having analyzed the same in detail. This factor favors preliminary approval. *See Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *3 (S.D.N.Y. Jan. 21, 2011) (finding that "Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and the class members' claims.").

E. Plaintiffs Would Face Real Risks if the Case Proceeded (*Grinnell* Factors 4 and 5)

Although Plaintiff's Counsel believe their case is strong, it is subject to risk. "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969); *see also Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, at *6 (S.D.N.Y. June 25, 2007).

A trial on the merits would involve significant risks for Plaintiffs. To extent a class is certified under Rule 23, the class will be comprised of all non-exempt employees of Defendants, the majority of whom are believed to be former employees. Many of these putative class members may not wish to participate in pre-trial discovery and trial of this action. Moreover, Plaintiffs would have to overcome Defendants' defenses. While Plaintiff's counsel believe that they could ultimately establish both liability and damages, and Defendants are equally confident in their defenses, this would require significant factual development. Plaintiffs' counsel are experienced and realistic, and understand that the resolution of liability issues, the outcome of trial, and inevitable appeals process are inherently uncertain in terms of outcome and duration. The proposed

settlement alleviates these uncertainties. This factor therefore weighs in favor of approval. *See Frank*, 228 F.R.D. at 187 ("If settlement were disapproved, it is likely that [defendant] would challenge the class certification. While plaintiffs might indeed prevail, the risk that the case might not be certified is not illusory and weighs in favor of the Class Settlement.")

    F.   Risks Involved in Maintaining the Class Through Trial (*Grinnell* Factor 6)

Plaintiff would face risks in asserting its class claims should the Litigation proceed. Should the case proceed, Defendants would oppose Plaintiffs' application for Rule 23 class certification. Moreover, even if Plaintiffs were to succeed under Rule 23, Defendants would likely seek appeal of the Court's determination. Settlement eliminates the risk and delay inherent in this process. As such, this factor weighs in favor of approval.

    G.   Defendants' Ability to Withstand a Greater Judgment is Not Determinative (*Grinnell* Factor 7)

Defendants' ability to withstand a greater judgment "standing alone, does not suggest that the settlement is unfair." *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian*, 80 F. Supp. 2d at 178 n.9). Thus, this factor is neutral and does not preclude the Court from granting preliminary approval.

    H.   The Settlement Fund is Substantial, Even in Light of the Best Possible Recovery and the Attendant Risks of Litigation (*Grinnell* Factor 8 and 9)

Defendants have agreed to settle this case for a substantial sum. The amount represents substantial value given the attendant risks of litigation, even though recovery could be greater if Plaintiffs prevailed on a motion to certify the class, succeeded on all claims at trial, and survived an appeal.

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (*quoting In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164,178 (S.D.N.Y. 2000)). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id*. (*quoting Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). "[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Grinnell Corp.*, 495 F.2d at 455 n.2. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982) (emphasis added); *see also Cagan v. Anchor Sav. Bank FSB*, No. 88 Civ. 3024, 1990 WL 73423, at *12-13 (E.D.N.Y. May 22, 1990) (approving $2.3 million class settlement over objections that the "best possible recovery would be approximately $121 million").

Here, the settlement provides much more than "a fraction of the potential recovery." The Gross Settlement Amount equates to each dollar in unpaid wages, and Spread of Hours pay as well as a portion of the unpaid notice, timely pay, and uniform maintenance violations. Thus, each Class Member will receive a significant portion of their unpaid wages even taking into account attorney's fees, service award, and administration costs. Weighing the benefits of the settlement against the available evidence and the risks associated with proceeding in the litigation, the settlement amount is reasonable.

The *Grinnell* factors weigh in favor of issuing preliminary approval of the settlement. In the event that a substantial number of objectors come forward with meritorious objections, the

Court can reevaluate its determination. Because the settlement, on its face, is "'fair, adequate, and reasonable, and not a product of collusion,'" *Frank*, 228 F.R.D. at 184 (*quoting Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)), the Court should grant preliminary approval.

## VI.   THE NOTICE PLAN, DISTRIBUTION PROCESS, AND RELEASE ARE APPROPRIATE

The proposed Notice, which is attached to the Agreement as Exhibit B, complies with due process and Federal Rule of Civil Procedure 23. Notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i)     the nature of the action;
> (ii)    the definition of the class certified;
> (iii)   the class claims, issues, or defenses;
> (iv)    that a class member may enter an appearance through an attorney if the member so desires;
> (v)     that the court will exclude from the class any member who requests exclusion;
> (vi)    the time and manner for requesting exclusion; and
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)B).

The proposed Notice satisfies each of these requirements. The Notice also describes the terms of the settlement, informs the Class Members about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing. Courts have approved class notices even when they provided only general information about a settlement. *See In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *see also Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 4357376 at *3 (S.D.N.Y. Sept. 16, 2011). The detailed

19

information in the proposed Notice far exceeds this bare minimum and fully complies with the requirements of Rule 23(c)(2)(B).

The Agreement provides that Notice will be mailed and emailed by the Settlement Claims Administrator to each Class Member within thirty (30) days of the entry of the Preliminary Approval Order by the Court. *See* Settlement Agreement § 2.7(A). The Settlement Claims Administrator will take reasonable steps to obtain the correct addresses of any Class Member whose notice is returned as undeliverable and will attempt re-mailing. *Id*. at § 2.4. As discussed above, the Notice informs Rule 23 Class Members about how to opt out from, or object to, the settlement. Class Members will have _____ (____) days from mailing of Notice to submit a Claim Form, an opt-out request, or object to the settlement. *Id*. at § 2.7. The Settlement Claims Administrator will send Settlement Checks to Participating Claimants within fifteen (15) days after the Effective Date. *Id*. at § 3.2. Claimants will have one-hundred eighty (180) days from the date of mailing to cash their Settlement Checks, and any settlement checks not cashed within that period will be void. *Id*. at § 3.1(D). Amounts attributable to void and uncashed Settlement Checks will revert to Defendants. *Id*.

## VII.    THE COURT SHOULD SET A DATE FOR A FINAL APPROVAL HEARING

The proposed Preliminary Approval Order submitted in connection with this motion sets forth a proposed sequence of deadlines associated with the settlement. The Parties respectfully request that the Court enter the proposed Preliminary Approval Order and set a Fairness Hearing no earlier than 60 days plus the number of days set by the Court for the Bar Date after Preliminary Approval Order Signed.

## **CONCLUSION**

For the reasons set forth above, the Parties respectfully request that the Court grant their

Motion for Preliminary Approval and enter the attached proposed order.


Dated: March 14, 2022
       Commack, New York


James Bouklas, Esq.
*Attorneys for Plaintiffs*
357 Veterans Memorial Highway
Commack, New York 11725
Phone: (516) 742-4949
mark@bglawny.com

21