UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                       :

MARISOL MEDINA,                       :
*individually and on behalf of all others*  :
*similarly situated*,                 :

                       :         21-CV-1321 (VSB)
               Plaintiff,    :

                       :         **OPINION & ORDER**
         - against -      :

                       :

NYC HARLEM FOODS INC., et al.,    :

              Defendants.  :

                       :
--------------------------------------------------------X

<u>Appearances</u>:

James Bouklas
Bouklas Gaylord LLP
Jericho, New York
*Counsel for Plaintiff*

Elizabeth Rolande Gorman
John Joseph Byrnes, III
Milber, Makris, Plousadis & Seiden, LLP
Woodbury, New York
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

       Plaintiff Marisol Medina ("Plaintiff") brings this putative class action pursuant to the Fair

Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law

("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), and The New York

Wage Theft Prevention Act, against Defendants NYC Harlem Foods Inc, Bronx 163 Foods Inc.,

Bronx Market Foods Inc, NYC 143 Foods Inc, NYC 96 Foods Inc, NYC 89 Foods Inc, NYC

Park Foods Inc, NYC 125 Foods Inc, NYC 159 Foods Inc, NYC 155 Foods Inc, Sunnyside Bk

Qsr Inc, NYC 116 Bk Qsr Inc, NYC 116 Foods Inc, NYC 121 Foods Inc, NYC 114 Foods Inc,

Bronx Prospect Foods Inc., NYC 145 Foods Inc., NYC Lenox Foods Inc., NYC 178 Foods Inc.,

Bronx 138 Foods Inc., Rv Eastchester Foods Inc., NYC 148 Foods Inc., NYC Lexington Foods

Inc., NYC 161 Foods Inc., Bronx 170 Foods Inc., Andhra Foods Inc., Somya Foods, Inc., RVN

Foods Inc., and Srinivasa Rao Tummalapenta (collectively, "Defendants").  Before me is

Plaintiff's motion seeking an order (1) granting preliminary approval of the proposed settlement;

(2) conditionally certifying the settlement class and appointing Plaintiff as the class

representative of the settlement class; (3) appointing Plaintiff's counsel as class counsel; and (4)

approving Plaintiff's notice of settlement.  Because I find that the parties have failed to cure any

of the deficiencies in the proposed settlement agreement identified in my Opinion & Order of

April 21, 2022 ("Opinion" or "O&O"), and because I find that the proposed settlement

agreement remains unreasonable, Plaintiff's motion is DENIED.

## I.      Factual Background and Procedural History

In this Opinion & Order, I presume familiarity with this action's procedural history and

with my Opinion, (Doc. 87), so I only provide a brief overview here.  Plaintiff is a New York

resident and "manual worker" for Defendants, which "jointly own and operate fast food

establishments throughout New York State," specifically, Dunkin Donuts franchises.  (*See* Doc.

1 ("Compl.") ¶¶ 2, 32, 62, 76; Doc. 83-4.)  Plaintiff alleges various violations of both the FLSA

and NYLL.  (*See id*. ¶¶ 96–143.)  Plaintiff brings her action under Rule 23 of the Federal Rules

of Civil Procedure on behalf of "similarly situated employees who worked for Defendants in

New York as non-exempt hourly workers."  (*Id.* ¶ 45; *see also id.* ¶¶ 44–60.)

Plaintiff initiated this action on February 15, 2021.  (*See generally id.*)[1]  The parties

_____

[1] Although the Complaint was filed on February 15, 2021, it is dated February 12, 2020.  (Compl. at 20.)

engaged in mediation, and on January 12, 2022, they reached a settlement.  On March 14, 2022,

Plaintiff filed a motion for preliminary approval of the class action settlement agreement, (Doc.

83), along with a declaration in support, (Doc. 86), the proposed settlement agreement, (Doc. 86-

1), the proposed claim form, (Doc. 86-2), the proposed class notice, (Doc. 86-3), the proposed

preliminary approval order, (Doc. 86-4), and a memorandum of law in support, (Doc. 85).[2]  The

parties jointly moved for preliminary approval of the settlement.  (*See id.* at 1.)  Plaintiff also

filed an unopposed motion for certification of the class, appointment of Plaintiff as class

representative, and appointment of Bouklas Gaylord LLP as class counsel.  (*See id.*)  The parties

separately filed a letter advising me that they disagreed as to the length of "the time frame for

Class Members to submit claim forms, to object, or to opt-out of the settlement," but would

"abide by whatever time frame is set by the Court."  (Doc. 84.)

On April 21, 2022, I issued the Opinion rejecting the proposed settlement agreement as

unreasonable.  (*See generally* O&O.)  I directed the parties to either file "a revised settlement

agreement within twenty-one (21) days of the date of this Order that cures the deficiencies in the

provisions as discussed above," or file "a joint letter within twenty-one (21) days of the date of

this Order that indicates the parties' intention to abandon settlement, at which point I will set a

date for a status conference."  (*Id.* at 20.)

On April 28, 2022, Plaintiff filed a new joint motion for preliminary approval of the class

action settlement agreement, (Doc. 88), along with a memorandum of law in support, (Doc. 89),

a declaration in support, (Doc. 90), the proposed settlement agreement, (Doc. 90-1), the proposed

claim form, (Doc. 90-2), the proposed class notice, (Doc. 90-3), and the proposed preliminary

---

[2] The supporting materials were originally filed on March 14, 2022 as exhibits to Doc. 83, but were refiled on April 20, 2022 at Docs. 85 and 86.

approval order, (Doc. 90-4). Plaintiff also moved for certification of the class, appointment of

Plaintiff as class representative, and appointment of Bouklas Gaylord LLP as class counsel, all of

which Defendants did not oppose. (*See* Doc. 89.) The parties further filed a letter purportedly

addressing whether the submission is fair and reasonable under *Cheeks v. Freeport Pancake

House, Inc.*, 796 F.3d 199 (2nd Cir. 2015). (Doc. 91 ("*Cheeks* Letter").) The parties filed

another letter again advising me that they disagreed as to the length of "the time frame for Class

Members to submit claim forms, to object, or to opt-out of the settlement," but would "abide by

whatever time frame is set by the Court." (Doc. 92.)

## II.   <u>Legal Standard</u>

Under the FLSA, employees may pursue collective actions to recover unpaid wages

where the employees are "similarly situated" and give consent to become a party in a writing

filed with the court. *See* 29 U.S.C. § 216(b). A district court may implement § 216(b) by

"facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to

opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)

(internal quotation marks omitted).

Parties may not privately settle FLSA claims absent the approval of the district court or

the Department of Labor. *See Cheeks*, 796 F.3d at 200; *Samake v. Thunder Lube, Inc.*, 24 F.4th

804, 807 (2d Cir. 2022). In the absence of Department of Labor approval, the parties must

satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F.

Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks omitted). To determine whether a

settlement is fair and reasonable under the FLSA, I must

> consider the totality of circumstances, including but not limited to the following
> factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the
> settlement will enable the parties to avoid anticipated burdens and expenses in
> establishing their respective claims and defenses; (3) the seriousness of the

litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc*., 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (citation omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

### III.   Discussion

In my Opinion, I identified four "fatal deficiencies that render the agreement unreasonable." (O&O at 6.) In their new submissions, the parties have not addressed any of them. As an initial matter, the new settlement agreement is word-for-word the same as the

5

previous settlement agreement that I rejected.  (*Compare* Doc. 86-1 ("First Settlement

Agreement") *with* Doc. 90-1 ("Second Settlement Agreement").)  I specifically directed the

parties that, unless they intended to abandon settlement, they needed to file "a revised settlement

agreement . . . that cures the deficiencies in the provisions as discussed" in my Opinion.  (O&O

20.)  The parties' choice to submit an identical settlement agreement was in direct contravention

of my order.[3]

       The first deficiency that is not addressed is that the proposed settlement procedures do

not comply with the FLSA.  (*See* O&O at 6–9.)  In my Opinion, I explained that under the

FLSA, "the Settlement Agreement must provide potential FLSA collective members an

opportunity to opt into the litigation, rather than binding them to the Settlement Agreement if

they fail to opt out."  (*Id.* at 9.)  I also warned that "I will not approve a settlement agreement in

this matter that does not comply with the FLSA."  (*Id.* at 8.)  The Second Settlement Agreement

does not "provide potential FLSA collective members an opportunity to opt into the litigation,"

and the parties' submissions provide no explanation for this deficiency.  (*See generally Cheeks*

Letter.)

       The second deficiency is that the parties still have not provided adequate information to

facilitate my review under *Cheeks*.  (*See* O&O at 9–12.)  I previously explained that "to ascertain

the fairness of the Settlement Agreement," I needed more information about the "range of

possible recovery," the parties' "anticipated burdens and expenses in establishing their respective

claims and defenses," and "the seriousness of the litigation risks faced by the parties."  (*Id.*

---

[3] Plaintiff's new memorandum in support of preliminary approval is also identical to the previous memorandum
Plaintiff filed.  (*Compare* Doc. 85 *with* Doc. 89.)  To the extent that the parties are asking for me to reconsider my
Opinion, I decline because the parties have not met the standard for reconsideration.  *See Shrader v. CSX Transp.*,
Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point
to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be
expected to alter the conclusion reached by the court.").

(quoting *Wolinsky*, 900 F. Supp. 2d at 335).)  The parties failed to provide any of this information.  As for the "range of possible recovery," the parties only repeat their prior inadequate assertion that "the Gross Settlement Amount equates to each dollar in unpaid wages, and Spread of Hours pay as well as a portion of the unpaid notice, timely pay, and uniform maintenance violations."  (*Cheeks* Letter at 2).  (*See* O&O at 10 ("The parties give no damages breakdown and no indication of what 'portion of the unpaid notice, timely pay, and uniform maintenance violations' is purportedly covered by the Gross Settlement Amount.  This is plainly insufficient.").)  Furthermore, the parties still have not identified any of the Defendants' defenses, and make only general and pro forma arguments about litigation risks.  (*See, e.g.*, *Cheeks* Letter at 3 ("[W]hile Plaintiff remains confident in her position that violations of overtime pay occurred, Defendants remain confident in their position that such violations did not occur. . . .").)  Courts in this District routinely reject settlements due to the parties' failure to provide this basic information required for a complete *Cheeks* review.  *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–77 (S.D.N.Y. 2015); *Fernandez v. 219 Dominican Valle Corp.*, 19 Civ. 9513 (JPC), 2021 WL 240721, at *3 (S.D.N.Y. Jan. 25, 2021); *Sanchez Gonzalez v. Tribeca Hummus Inc.*, 18 Civ. 10664 (ER), 2020 WL 409750, at *1 (S.D.N.Y. Jan. 24, 2020); *Mamani v. Licetti*, No. 13–CV–7002 (KMW)(JCF), 2014 WL 2971050, at *2 (S.D.N.Y. July 2, 2014); *see also Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86 (JS)(MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008).

Third, and perhaps most troublingly, the parties have not revised the termination provision.  (*See* Second Settlement Agreement § 2.12(A)(2).)  In essence, although the agreement "would formally create a settlement fund of $1.3 million," the termination provision "would empower Defendants to nullify the settlement if too many class members file claims."

(O&O at 13, 15; *see id.* at 13–17; *see also* Second Settlement Agreement § 2.12(A)(2)

("Defendants may terminate this Agreement upon written notice to Class Counsel and the

Settlement Claims Administrator if the value of the Net Filed Claims reaches 20% of the total

value of the settlement ($260,000). . . .").)  As I already told the parties, "I cannot countenance a

class action settlement that makes its effectuation contingent on most claims going unrecovered

and pits the interests of counsel against the interests of the class."  (O&O at 16.)  Moreover,

since the termination provision requires the parties to "meet and confer in good faith to negotiate

terms to keep the resolution intact . . . if the value of the Net Filed Claims reaches 20% of the

total value of the settlement ($260,000)," (*id.*), I found that "the settlement amount is not set and

is subject to the future desires and whims of the parties," and I advised that "I cannot approve an

uncertain settlement amount that is subject to further negotiation," (*id.*).  The termination

provision is unchanged in the Second Settlement Agreement.  What's more, the parties have not

addressed the termination provision at all in their submissions, despite my explicit direction to

the parties to "provide case law supporting the type of settlement structure they present in any

revised settlement agreement."  (*Id.* at 13 n.4; *see also id.* at 17 ("If the parties wished to

structure the Settlement Agreement to limit the number of class members who would get paid,

while still requiring all class members to waive their FLSA and NYLL claims against

Defendants, the parties should have—at a minimum—provided me some legal and factual

justification for such a settlement structure.").)  The parties' silence on this issue is unacceptable.

Finally, Plaintiff's counsel still has not provided any documentation supporting its

attorneys' fees award.  (*See* O&O at 17–19.)  As I said, I am "obligated to 'carefully scrutinize

the settlement and the circumstances in which it was reached, if only to ensure that the interest of

plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief

counsel procured for the clients.'" (*Id.* at 17–18 (quoting *Wolinsky*. 900 F. Supp. 2d at 336 (internal quotation marks omitted)).) To alleviate any ambiguity, I will not approve any settlement agreement until Plaintiff's counsel "submit[s] adequate documentation" supporting the fee request. *Fisher*, 948 F.3d at 600.

Because I deny Plaintiff's motion for preliminary settlement approval, I again also deny Plaintiff's request for conditional certification of the proposed class, appointment of class counsel, and approval of the proposed class notice. *See Sandoval v. Philippe N. Am. Restaurants, LLC*, No. 16-CV-0615 (VSB), 2017 WL 3841871, at *3 (S.D.N.Y. Aug. 31, 2017). If the parties intend to file a revised agreement and motion, the motion must also address the legal standard for certification of a FLSA collective action.

## IV.   Conclusion

I will not approve this settlement agreement unless it is substantially revised and/or unless the parties provide specific legal and factual justification for any aspects of the agreement that I have found unreasonable. For the foregoing reasons, Plaintiff's motion, (Doc. 88), is DENIED without prejudice. The parties may proceed by either:

1) Filing a revised settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies in the provisions as discussed above; or

2) Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

The Clerk's Office is respectfully directed to terminate the open motion at Document 88.

SO ORDERED.

Dated: September 26, 2022
        New York, New York

Vernon S. Broderick
United States District Judge