UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                       :

MARISOL MEDINA,                   :
*individually and on behalf of all others*  :
*similarly situated*,                   :

                         :       21-CV-1321 (VSB)
                  Plaintiff,   :

                         :      **OPINION & ORDER**
       - against -          :

                         :

NYC HARLEM FOODS INC., et al.,   :

               Defendants.  :

                         :
-------------------------------------------------------X

<u>Appearances</u>:

James Bouklas
Bouklas Gaylord LLP
Jericho, New York
*Counsel for Plaintiff*

Elizabeth Rolande Gorman
John Joseph Byrnes, III
Milber, Makris, Plousadis & Seiden, LLP
Woodbury, New York
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Plaintiff Marisol Medina ("Plaintiff") brings this putative class action pursuant to the Fair

Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law

("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), and The New York

Wage Theft Prevention Act, against Defendants NYC Harlem Foods Inc, Bronx 163 Foods Inc.,

Bronx Market Foods Inc, NYC 143 Foods Inc, NYC 96 Foods Inc, NYC 89 Foods Inc, NYC

Park Foods Inc, NYC 125 Foods Inc, NYC 159 Foods Inc, NYC 155 Foods Inc, Sunnyside Bk

Qsr Inc, NYC 116 Bk Qsr Inc, NYC 116 Foods Inc, NYC 121 Foods Inc, NYC 114 Foods Inc, Bronx Prospect Foods Inc., NYC 145 Foods Inc., NYC Lenox Foods Inc., NYC 178 Foods Inc., Bronx 138 Foods Inc., Rv Eastchester Foods Inc., NYC 148 Foods Inc., NYC Lexington Foods Inc., NYC 161 Foods Inc., Bronx 170 Foods Inc., Andhra Foods Inc., Somya Foods, Inc., RVN Foods Inc., and Srinivasa Rao Tummalapenta (collectively, "Defendants").  Before me is Plaintiff's motion seeking an order (1) granting preliminary approval of the proposed settlement; (2) conditionally certifying the settlement class and appointing Plaintiff as the class representative of the settlement class; (3) appointing Plaintiff's counsel as class counsel; and (4) approving Plaintiff's notice of settlement.  (Doc. 105, the "Motion.")  Because I find that the parties have cured the deficiencies in the proposed settlement agreement identified in my Opinion & Order of September 26, 2022, and because I find that the proposed settlement agreement to be reasonable, Plaintiff's motion is GRANTED.

## I. Factual Background and Procedural History

I assume familiarity with the factual background and procedural history of the case as set forth in my previous Opinions.  (Doc. 87 ("First Opinion"), Doc. 93 ("Second Opinion").)  After I denied Plaintiff's second proposed settlement in my Second Opinion, I granted the parties several extensions of time to resubmit an amended proposed settlement.  (*See* Docs. 95, 97, 99, 101, 103).  On April 24, 2023, Plaintiff filed:  an amended complaint, (Doc. 104); the motion seeking, among other things, preliminary approval of the proposed settlement (Doc. 105, "Motion"); a memorandum of law in support of the Motion, (Doc. 106); a proposed settlement agreement, (Doc. 110-1, the "Third Settlement Agreement"); and four declarations in support of the Motion, (Docs. 107–110).  Defendants do not oppose the Motion.  (Doc. 106 at 1.)

## II. <u>Legal Standards</u>

### A. *Class Certification*

In order for a Plaintiff to certify a class under Federal Rule of Civil Procedure 23(a), there are four prerequisites that must be established:  (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  *See* Fed. R. Civ. P. 23(a).  The "numerosity" inquiry focuses on whether the class is so large "that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  Courts have long applied a presumption that a class of forty members is sufficiently numerous that joinder of all members would be impracticable.  *See Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).

The "commonality" inquiry depends upon there being a "common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."  *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (internal quotation marks and citation omitted).

The "typicality" requirement "is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability."  *Robidoux*, 987 F.2d at 936.  "The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3).  The crux of both requirements is to ensure that 'maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their

absence.'" *Huang v. Shanghai City Corp,* No. 19-CV-7702 (LJL), 2022 WL 1468450, at *5 (S.D.N.Y. May 10, 2022) (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)).

The "adequacy of representation" element is met if the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  To satisfy the adequacy requirement, plaintiffs must show that (1) there is an "absence of conflict and antagonistic interests between them and the class members", and (2) that "plaintiffs' counsel is qualified, experienced and capable."  *Iglesias-Mendoza v. La Belle Farm, Inc*., 239 F.R.D. 363, 372 (S.D.N.Y. 2007); *Jin v. Shanghai Original, Inc*., 990 F.3d 251, 262–263 (2d Cir. 2021).

### B.  *Adequacy of Proposed Settlement*

To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members." *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014) (quoting *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted)).  Courts conducting this analysis "must make a preliminary evaluation as to whether the settlement is fair, reasonable and adequate."  *In re Currency Conversion Fee Antitrust Litig.*, No. 01 MDL 1409, 2006 WL 3247396, at *5 (S.D.N.Y. Nov. 8, 2006) (internal quotation marks omitted).  Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Silver*, *v. 31 Great Jones Rest.*, No. 11-CV-7442, 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013) (quoting *In re Nasdaq Market–Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)).

When reviewing a proposed class action settlement, courts consider the (1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4)

equitableness of treatment of class members.  Fed. R. Civ. P. 23(e)(2).  In addition to these four factors, courts in the Second Circuit also consider the nine factors established in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974),[1] which overlap with Rule 23(e)(2)(C)–(D).  The *Grinnell* factors are:  (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  *See Grinnell*, 495 F.2d at 463.

Parties may not privately settle FLSA claims and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks omitted).  However, "the standard for approval of an FLSA settlement is lower than for a class action under Rule 23" and "[i]f the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."  *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts

---

[1] The Advisory Committee Notes to the 2018 amendments indicate that the four new Rule 23 factors were intended to supplement rather than displace these "*Grinnell*" factors.  *See* 2018 Advisory Notes to Fed. R. Civ. P. 23, Subdiv. (e)(2) ("2018 Advisory Note").

will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc*., 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (citation omitted).

**III.** **Discussion**

**A.** ***Provisional Certification of Settlement Class***

Plaintiff proposes a settlement class of current and former employees who worked for Defendants in the State of New York from February 15, 2015, through the date of this Opinion & Order.  (Doc. 106 at 3.)  This class would be represented by the named Plaintiff, Marisol Medina. I find that the proposed settlement class satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation.  *See* Fed. R. Civ. P. 23(a). Accordingly, for settlement purposes only, I grant provisional certification of the proposed Rule 23 class and appoint Plaintiff to represent the class.

The parties have established numerosity by their estimate that there are approximately 1,100 members of the class.  (Doc. 106 at 7.)  This is far in excess of the forty-member level where numerosity is presumed in this Circuit.  *See Shahriar v. Smith & Wollensky Rest. Grp.*,

Inc., 659 F.3d 234, 252 (2d Cir. 2011) (*citing Consol. Rail Corp v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)).

Commonality is shown where there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  "In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 69 (S.D.N.Y. 2018) (internal quotation marks and citation omitted).  Members of the proposed settlement class share claims with common questions of both fact and law, as the core of each claim is the legality of Defendants' employment policies and practices.

The typicality element of Rule 23(a)(3) is met where "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3). All members of the proposed settlement class are current or former employees of the Defendants who allege that they are entitled to unpaid wages under the FLSA and NYLL, like the named Plaintiff.  Accordingly, the proposed settlement class satisfies the typicality element.  *See Sanchez v. Art+1, Inc.*, No. 20-CV-05623 (SN), 2022 WL 16700101, at *2 (S.D.N.Y. Nov. 2, 2022) (finding typicality where "Defendants' alleged violations of law were the result of the same company policy, pattern, and/or practice of failing to properly compensate Plaintiffs and Class Members in accordance with the FLSA and NYLL.")

The relevant inquiries for the "adequacy of protection" element are "whether:  1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).  I consider this element in conjunction with the requirement under Federal Rule of Civil Procedure 23(g)(1), "a court that

certifies a class must appoint class counsel." When appointing class counsel, the court is to

consider "the work counsel has done in identifying or investigating potential claims in the

action," "counsel's experience in handling class actions, other complex litigation, and the types

of claims asserted in the action," "counsel's knowledge of the applicable law," and "the

resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i–iv).

The named Plaintiff's counsel, Bouklas Gaylord LLP (the "Firm"), is the only firm representing

Plaintiff and has already spent over 160 hours on this matter. (Doc. 108 at ¶ 20.) The Firm has

ample experience in class actions and labor law cases. (*Id.* at ¶ 18.) In fact, in several other

cases the firm has been described as one with "experienced litigators who have successfully

represented classes in class action and have extensive experience in labor law cases." (*Id.*

(collecting cases).) I find that the proposed settlement class would be fairly and adequately

protected by Bouklas Gaylord LLP and appoint them as class counsel for settlement purposes

only.

### B.  *Deficiencies of Previous Proposed Settlements*

In my Second Opinion, I identified several deficiencies that had not been cured by the

parties following my First Opinion. Each of these deficiencies has now been cured.

The first deficiency was that the proposed settlement procedures did not comply with the

FLSA. (*See* First Opinion at 6–9.) In my First Opinion, I explained that under the FLSA, "the

Settlement Agreement must provide potential FLSA collective members an opportunity to opt

into the litigation, rather than binding them to the Settlement Agreement if they fail to opt out."

(*Id.* at 9.) The Third Settlement Agreement cures this deficiency by providing that the

Settlement Claims Administrator will mail notices and claim forms upon the Court granting

preliminary approval, and then Class Members will have 60 days to sign and return a Claim

Form to opt-in to the agreement.  (Doc. 110-1 at 9.)

The second deficiency was that the parties did not provide adequate information to facilitate my review under *Cheeks*.  (*See* First Opinion at 9–12.)  The parties have remedied this defect by providing a breakdown of potential damages for spread of hours pay, unpaid wages, and untimely pay.  (Doc. 106 at 18–21.)  The parties also identified specific possible defenses of the Defendants, such as the argument the potential class members were not manual workers within the meaning of the law.  (*Id.* at 21.)

The third deficiency was that the parties had not revised the termination provision as called for in my First Opinion.  (*See* Doc 90-1 ("Second Settlement Agreement") § 2.12(A)(2).)  The parties have remedied this defect by removing the provision that allowed Defendants to terminate the agreement if the value of the claims filed reached 20% of the total settlement value.  (*Compare* Doc. 110-1 *with id.*)  The Third Settlement Agreement allows Defendants to void the agreement if ten percent or more Class-Members opt-out of the settlement.  This is acceptable.  *See Surdu v. Madison Glob.*, LLC, No. 15-CV-6567, 2018 WL 1474379, at *13 (S.D.N.Y. Mar. 23, 2018) (approving settlement agreement with similar provision).

The final issue was that Plaintiff's counsel had not provided any documentation supporting its attorneys' fees award.  (*See* First Opinion at 17–19.)  Plaintiff's counsel has remedied this deficiency by "submit[ing] adequate documentation" supporting the fee request.  *Fisher*, 948 F.3d at 600.  (*See* Doc. 110-5.)

## C.  *Grinnell Factors*

Because I find that Plaintiff's proposed settlement class comports with Rule 23, I now consider the *Grinnell* factors to determine whether the settlement should be provisionally approved.  I find that the balance of the *Grinnell* factors weighs in favor of preliminary approval.

The first *Grinnell* factor is the complexity, expense, and expected duration of the litigation. *Grinnell*, 495 F.2d at 463. This case, like most class actions, would likely involve significant time, expense, and motion practice. *See In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001). This factor weighs in favor of preliminary approval.

The second *Grinnell* factor is the reaction of the class to the settlement. *Grinnell*, 495 F.2d at 463. Because notice of the settlement has not been issued, (Doc. 106 at 14), this factor is neutral.

The third *Grinnell* factor is the stage of the proceedings and the amount of discovery completed. *Grinnell*, 495 F.2d at 463. The parties have participated in multiple mediation sessions, engaged in substantial discovery, and performed sufficient legal research to consider the settlement responsible. (Doc. 106 at 15.) I find that this factor weighs in favor of preliminary approval.

The fourth through sixth *Grinnell* factors require a court to consider the risks that the Plaintiff and proposed class would face absent a settlement, including the risks of establishing liability, proving damages, and maintaining a class through trial. *Grinnell*, 495 F.2d at 463. Plaintiff acknowledges that a trial would pose significant risks. (Doc. 106 at 16.) For example, putative class members may be unwilling to participate in pre-trial discovery. Further, Plaintiff would need to overcome Defendants' defenses related to statutory exceptions and worker classifications. (*See* Doc. 106 at 20–21.) These risks support a finding of preliminary approval.

The seventh *Grinnell* factor relates to the Defendants' ability to withstand a greater judgment. *Grinnell*, 495 F.2d at 463. Plaintiff urges that this factor is neutral. While I do not have sufficient information to make this determination, I find it inconsequential because a

"defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Hall v. ProSource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 WL 1555128, at *8 (E.D.N.Y. Apr. 11, 2016) (internal citation and quotation marks omitted). Accordingly, this factor is neutral.

The final two *Grinnell* factors focus on the range of reasonableness of the settlement fund. *Grinnell*, 495 F.2d at 463. "[T]here is a range of reasonableness with respect to a settlement-a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Mills v. Cap. One, N.A.*, No. 14-CV-1937, 2015 WL 5730008, at *6 (S.D.N.Y. Sept. 30, 2015) (internal citation and quotation marks omitted). The Third Settlement Agreement provides or a $1.3 million settlement fund. (*See* Doc. 108 at 4.) Plaintiff estimates the best possible recovery amounts (including liquidated damages) are: $161, 012.34 for the FLSA overtime claims; $900,000 for the NYCRR "uniform maintenance pay" claims; $2 million for the "time shaving" claims; $16 million for the NYLL "untimely pay" claims. (Doc. 106 at 18–21.) In light of the best possible recovery and the inherent risks of litigation, I find the proposed $1,300,000 settlement falls within the range of reasonableness.

### D. *Fee Award*

"Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award." *Aguilar v. Tacos Grand Cent., Inc.*, No. 21-CV-1963, 2023 WL 2644285, at *1 (S.D.N.Y. Mar. 27, 2023). It is within a court's discretion whether to award attorneys' fees based on either the lodestar method or the percentage of the settlement fund. *See Vasquez v. TGD Grp., Inc.*, No. 14-CV-7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016). Courts in this Circuit favor the "percentage of the fund" method of

determining attorneys' fees because it best aligns with the interests of the class and counsel, *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005), though Courts also "loosely use the lodestar method as a baseline or as a cross check," *Sanchez v. Kambousi Rest. Partners, LLC*, No. 15-CV-5880, 2016 WL 11717104, at *7 (S.D.N.Y. Sept. 14, 2016) (internal quotation marks omitted).

Plaintiff's counsel intends to petition the Court for an award of attorneys' fees and costs in the amount of one-third of the gross settlement amount. (Doc. 106 at 4.) "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15-CV-4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018). Plaintiff's counsel submitted time and expense records and other information relevant to the work they have performed on this case. (Doc. 110-5.)

When performing the lodestar cross-check, the lodestar is calculated by multiplying the reasonable number of hours worked on the case by a reasonable hourly rate of compensation, and is then adjusted based upon case-specific considerations. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008). I will assess whether the requested award of attorneys' fees is fair and reasonable, including by applying the lodestar cross-check, when considering the final approval motion and application for attorneys' fees, expenses, and costs.

### E.  *Proposed Notice, Distribution Process, and Release*

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a certified class must provide notice to all members who can be identified through reasonable effort. "The notice must clearly and concisely state in plain, easily understood language:  (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will

exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).  I have reviewed the proposed notice, (Doc. 110-3), and proposed plan for providing notice to the class, (Doc. 106 at 22–23).  The proposed plan provides that the Plaintiff will (1) retain a Settlement Claims Administrator; (2) the Settlement Claims Administrator will provide notice by mail and email to each member of the class using a list prepared by Defendants; (3) the Settlement Claims Administrator will take reasonable steps to obtain the correct addresses of any class member whose notice is returned as undeliverable and will attempt remailing, (Doc. 106 at 23; Doc. 110-1 at 3, 7–8).  After review of the proposed plan and notice, I conclude that the proposed notice constitutes the best notice practicable under the circumstances, meets the requirements of due process, and satisfies the seven elements of Rule 23(c)(2)(B) identified above.

## IV. Conclusion

For the foregoing reasons, Plaintiff's unopposed motion is GRANTED.  The parties submitted a proposed order setting forth the settlement procedure and schedule, (Doc. 110-4), which I will approve in a separate order to be filed following this Opinion & Order.  The Clerk of the Court is respectfully directed to terminate the open motion at Document 105.

SO ORDERED.

Dated: January 22, 2024
        New York, New York

Vernon S. Broderick
United States District Judge