UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARISOL MEDINA, individually and on behalf of all others similarly situated,<br><br>                                                  Plaintiff,<br>                          v.<br><br>NYC HARLEM FOODS INC, BRONX 163 FOODS INC., BRONX MARKET FOODS INC, NYC 143 FOODS INC, NYC 96 FOODS INC, NYC 89 FOODS INC, NYC PARK FOODS INC, NYC 125 FOODS INC, NYC 159 FOODS INC, NYC 155 FOODS INC, SUNNYSIDE BK QSR INC, NYC 116 BK QSR INC, NYC 116 FOODS INC, NYC 121 FOODS INC, NYC 114 FOODS INC, BRONX PROSPECT FOODS INC., NYC 145 FOODS INC., NYC LENOX FOODS INC., NYC 178 FOODS INC., BRONX 138 FOODS INC., RV EASTCHESTER FOODS INC., NYC 148 FOODS INC., NYC LEXINGTON FOODS INC., NYC 161 FOODS INC., BRONX 170 FOODS INC., ANDHRA FOODS INC., SOMYA FOODS, INC., RVN FOODS INC., and SRINIVASA RAO TUMMALAPENTA, individually,<br><br>                                                 Defendants. | Civil Action No.:<br>21-CV-1321 |

**ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS AND ACTION SETTLEMENT**

On April 24, 2023, the Parties[1] filed a Motion for an Order Preliminarily Approving the Class Action Settlement (the "Preliminary Approval Motion"), attaching the Joint Settlement Agreement and Release, and all exhibits thereto (collectively, the "Agreement"), and the Court issued an Order granting the Preliminary Approval Motion on January 22, 2024. The Agreement would resolve all claims brought by Plaintiff Marisol Medina ("Medina" or "Named Plaintiff"), individually and on behalf of the classes of individuals she seeks to represent, including the Rule

---

[1] Unless otherwise defined herein, all terms used in this order (the "Preliminary Approval Order") will have the same meaning as defined in the Agreement

[1]

23 Class Members (collectively, the "Class Members"), against Defendants NYC Harlem Foods Inc, Bronx 163 Foods Inc., Bronx Market Foods Inc, NYC 143 Foods Inc, NYC 96 Foods Inc, NYC 89 Foods Inc, NYC Park Foods Inc, NYC 125 Foods Inc, NYC 159 Foods Inc, NYC 155 Foods Inc, Sunnyside Bk Qsr Inc, NYC 116 Bk Qsr Inc, NYC 116 Foods Inc, NYC 121 Foods Inc, NYC 114 Foods Inc, Bronx Prospect Foods Inc., NYC 145 Foods Inc., NYC Lenox Foods Inc., NYC 178 Foods Inc., Bronx 138 Foods Inc., Rv Eastchester Foods Inc., NYC 148 Foods Inc., NYC Lexington Foods Inc., NYC 161 Foods Inc., Bronx 170 Foods Inc., Andhra Foods Inc., Somya Foods, Inc., Rvn Foods Inc., and Srinivasa Rao Tummalapenta. The Court has considered the Agreement, the Preliminary Approval Motion, and the Declaration of James Bouklas ("Bouklas Decl.") and hereby finds and orders as follows:

I. **Provisional Approval of Settlement**

   1. The Court finds, on a preliminary basis, that the settlement memorialized in the Agreement filed with the Court falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the Class Members is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Clem v. Keybank, N.A.*, No. 13 Civ. 789, 2015 WL 1265909, at *1 (S.D.N.Y. Mar. 27, 2015); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

   2. The Court finds that the Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class actions. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *Clem*, 2015 WL 2895918, at *2.

   3. The Court grants the Parties' Preliminary Approval Motion.

II. **Provisional Certification of the Proposed Rule 23 Class Under Fed. R. Civ. P. 23, For Settlement Purposes Only.**

   4. Preliminary settlement approval, provisional class certification, and appointment of

class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court provisionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the settlement not ultimately be approved), the following Rule 23 class: all current and former employees who worked for Defendants in the State of New York from February 15, 2015 through the date of this Order who were non-exempt employees of Defendants (the "Class").

6. The Court appoints, for settlement purposes only, Medina to represent the Class.

7. For settlement purposes only, Plaintiff meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

**III. Appointment of Class Counsel**

8. For settlement purposes only, the Court appoints Bouklas Gaylord LLP as Class Counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g).

9. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and Class Members' claims.

10. Class Counsel have substantial experience prosecuting and settling employment litigations, including wage and hour class actions, and are well-versed in wage and hour law

and class action law.

11.     The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class' interests.

**IV.    Notice**

12.     The Parties shall retain a Settlement Claims Administrator within ten (10) days of entry of this Preliminary Order for the purpose of performing duties in accordance with Section 2 of the Agreement.

13.     The Court finds that the procedures for notifying the Class Members about the settlement as described in the Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs issuance of Notice in accordance with the Agreement.

14.     The Court approves, as to form and content, the Notice submitted by the parties. The Settlement Claims Administrator is authorized to mail those documents (after they are updated with the appropriate dates and deadlines consistent with the Agreement) to the applicable Class Members as provided in the Agreement.

15.     Notice to the Class Members satisfies Federal Rule of Civil Procedure 23(c)(2)(B) and adequately puts such Rule 23 Class Members on notice of the proposed settlement. *See In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Notice is appropriate because it adequately describes the terms of the settlement; informs the classes about the potential allocation of attorneys' fees, service payments, and other payments that will be deducted from the Gross Settlement Amount; gives appropriate information about how to participate in the settlement; gives appropriate information about how to object to or opt-out of the settlement; gives appropriate

information about the Court's procedures for final approval of the settlement; and provides specific information regarding the date, time, and place of the final approval hearing. *Id.*; *see also Willix*, 2010 WL 5509089, at *3-4.

16. Any written objection to the settlement by a Rule 23 Class Member who has not opted-out must be mailed or faxed to the Settlement Claims Administrator within 60 days from the mailing of Notice, and shall then be filed with this Court.

**V.   Class Action Settlement Procedure**

17. The Court hereby adopts the settlement approval process as set forth in the Agreement.

18. In the event that the Effective Date as defined in the Agreement does not occur, the settlement and the Agreement shall be deemed null and void and shall have no effect whatsoever, except as otherwise provided or reasonably contemplated therein, including but not limited to the non-admission provisions in Section 4.2. In such case, nothing in the Agreement or this Preliminary Approval Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class action certification is or may be appropriate in this action or any other matter.

19. Pending the Court's decision on final approval of the settlement and entry of the Court's Final Approval Order, Class Members shall be barred and enjoined from: (a) further litigation in this Litigation; (b) filing or taking any action, directly or indirectly, to commence, prosecute, pursue or participate, on an individual or class or collective action basis, any action, claim or proceeding against Defendant in any forum in which any of the claims subject to the settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

20. The parties are ordered to carry out the settlement according to the terms of the Agreement.

21. The Court will conduct a hearing pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure on **October 4, 2024**, in Courtroom 518, 40 Foley Square, New York, New York 10007 (the "Fairness Hearing"), for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the settlement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and service awards; and (d) entering judgment. The Fairness Hearing may be continued without further notice to Class Members. The Parties shall jointly file a Motion for Judgment and Final Approval, and Plaintiff's Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service awards on or before **September 20, 2024**.

22. The following dates shall govern the schedule in this action:

| June 10, 204 | Defendants' counsel with provide the Settlement Claims Administrator and Class Counsel with the Class List. |
| --- | --- |
| July 1, 2024 | The Settlement Claims Administrator shall mail, via United States First Class Mail, the final versions of the Notice, accompanying tax forms, and Opt-Out Statement. |
| 60 days after the first mailing of the Notice:<br><br>August 30, 2024 | Last day for Rule 23 Class Members to submit written objections to the Settlement as set forth in the Agreement. |

| | |
|---|---|
| 60 days after the first mailing of the Notice:<br><br>August 30, 2024 | Last day for Rule 23 Class Members to submit a valid Claim Form with required tax forms or "opt out" of the Settlement as set forth in the Agreement. |
| 14 days prior to the scheduled the Fairness Hearing:<br><br>September 20, 2024 | Last day for filing and service of Motion for Judgment and Final Approval, and for responses to objections, as set forth in the Agreement. |
| October 4, 2024, at 11:00 AM | Fairness Hearing. |

**IT IS SO ORDERED.**

Dated: _____May 29_____, 2024

_____
Hon. Vernon S. Broderick

[7]