UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARISOL MEDINA, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br>v.<br><br>NYC HARLEM FOODS INC, BRONX 163 FOODS INC., BRONX MARKET FOODS INC, NYC 143 FOODS INC, NYC 96 FOODS INC, NYC 89 FOODS INC, NYC PARK FOODS INC, NYC 125 FOODS INC, NYC 159 FOODS INC, NYC 155 FOODS INC, SUNNYSIDE BK QSR INC, NYC 116 BK QSR INC, NYC 116 FOODS INC, NYC 121 FOODS INC, NYC 114 FOODS INC, BRONX PROSPECT FOODS INC., NYC 145 FOODS INC., NYC LENOX FOODS INC., NYC 178 FOODS INC., BRONX 138 FOODS INC., RV EASTCHESTER FOODS INC., NYC 148 FOODS INC., NYC LEXINGTON FOODS INC., NYC 161 FOODS INC., BRONX 170 FOODS INC., ANDHRA FOODS INC., SOMYA FOODS, INC., RVN FOODS INC., and SRINIVASA RAO TUMMALAPENTA, individually,<br><br>                                    Defendants. | Civil Action No.:<br> 21-CV-1321 |

**DECLARATION OF MARK GAYLORD IN SUPPORT OF THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT**

I, Mark Gaylord, Esq., declare as follows:

    1.    I am an attorney at the law firm of Bouklas Gaylord LLP, counsel for Named Plaintiff Marisol Medina ("Class Counsel"), and am fully familiar with the facts and circumstances herein. I submit this declaration in support of Plaintiff's motion requesting final approval of the settlement, and in support of Plaintiff's motion requesting approval of attorneys' fees and costs, and of the service award for Plaintiff.

    2.    No Class Member has objected to any portion of the settlement agreement, including the requested attorneys' fees, expense reimbursement, or service awards to Plaintiffs.

1

3. Over the course of the three plus years of litigation, Class Counsel has spent significant time and effort to achieve the One Million Three Hundred Thousand Dollars ($1,300,000) settlement. Class Counsel conducted thorough investigations of Plaintiffs' claims, including reviewing employment records, conducting extensive legal research on the underlying merits, the likelihood of class certification, obtaining liquidated damages on certain claims, the proper measure of damages, and Defendants' affirmative defenses. Several days were spent over a period of months mediating with Patrick McKenna, a highly reputable and experienced litigator. Class Counsel also spent considerable time on discovery, including reviewing extensive records and other information, including reviewing thousands of pages of documents provided by Defendants to ensure a fair settlement. Class Counsel also engaged in ongoing communications with Named Plaintiff throughout the litigation, obtaining information to substantiate the claims. Class Counsel reviewed additional discovery exchanged during settlement negotiations and created spreadsheets to determine class-wide damages for settlement purposes. Class Counsel successfully negotiated this settlement after numerous mediations and settlement discussions. Class Counsel drafted the settlement documents, including the settlement agreement, the preliminary approval motion, and this motion for final approval.

4. In addition to the substantial time and effort that was spent negotiating the settlement of this action, Class Counsel drafted and filed Plaintiff's Motion for Preliminary Approval and accompanying supporting affirmations (ECF No. 105–110) which details the analysis of the relative merits of this case, the possible ranges of recovery, the likelihood of success, and other factors in determining the impact of the Agreement on Plaintiff and the Class Members.

5. In performing these tasks, Class Counsel expended approximately 216 hours of attorney, time – an aggregate lodestar of $97,335 at $450 per hour for the firm's founding attorneys. The lodestar multiplier in this case is approximately 4.5, well within the bounds of reasonableness.

6. These hours are reasonable for a case like this one and were compiled from contemporaneous time records maintained by each attorney participating in the case. Bouklas Gaylord LLP's time and costs records are attached hereto as **Exhibit A**.

7. Class Counsel also expects to spend considerable time preparing for and attending the final fairness hearing and administering the settlement in the future. In Class Counsel's experience, based on the number of Class Members and Participating Claimants, this work will include responding to inquiries regarding the settlement and settlement checks, which requires an ongoing commitment.

8. Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of significant risk.

9. Class Counsel's request for 33.3% of the QSF does not include reimbursement of $858.82 in out-of-pocket expenses for costs including court fees, process server fees, and postage fees. These expenses were incidental and necessary to the representation of Plaintiffs and the Class.

10. As set forth above, my firm has performed substantial work identifying, investigating, prosecuting, and settling Plaintiff's and Class Members' claims. In addition, my firm has substantial experience litigation wage and hour cases and is well-qualified to represent the interest of the Settlement Class. Our practice is devoted to the prosecution of wage and hour cases.

11. I respectfully submit that my firm has successfully represented classes in numerous class actions, and has considerable legal experience in labor law cases similar to the case at bar. I,

along with James Bouklas, Esq., have been practicing employment litigation throughout our careers as attorneys. James Bouklas, Esq., and I were admitted to practice law in 2012 are founding partners of Bouklas Gaylord LLP and virtually exclusively prosecute wage and hour litigations, with many of those cases filed and resolved as class action cases. My firm and I have settled or otherwise obtained tens of millions of dollars for clients, primarily in class actions, for plaintiffs in employment cases. Cases handled by my firm have consistently been approved by the courts in which they were litigated, along with the attorneys' fees requested. *See, e.g., Cedeno, et al. v. Amazing Home Care Services, LLC, et el.*, Index No. 42061-2019 (Bronx County Sup. Ct. Nov. 22, 2022) (Hon. Laura G. Douglas granting final approval of a $14,500,000 class action settlement with Bouklas Gaylord LLP as class counsel); *Jean Pierre v. Walgreens Co., et al.,* Index No. 610385-2022 (Nassau Sup. Ct., June 7, 2022) (Hon. Erica L. Prager granting final approval of a $3,390,000 class action settlement with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees); *Equan Brown v. Dr Smood 1151 Broadway LLC et al.*, 18-CV-8038 (SDNY) (Hon. Katherine Polk Failla granting final approval of 261,458.84 class action settlement with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees); *Mudry v. Stop & Shop Supermarket Co. LLC*, Index No. 156865-2021 (New York County Sup. Ct. July 8, 2022) (Hon. Shlomo Hagler granting final approval of a class action settlement of $2,250,000 with approximately 53,000 class members with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees); *Salama v. Blink Holdings, Inc.*, Index No. 608514-2018 (Suffolk County Sup. Ct. August 10, 2023) (Hon. Joseph Pastoressa granting final approval of a $1,100,000 class action settlement with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees); *Quartey, et al v. Madison Security Group, Inc.*, Index No. 158015-2020 (New York County Sup.

Ct. May 25, 2023) (Hon. Lucy Billings granting final approval of a $850,000 class action settlement with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees); *Spratt v. Diversified Maintenance System LLC*, Index No. 151407-2019 (New York Sup. Ct. May 31, 2022) (granting final approval of a $623,000 class action settlement with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees); *Scott v. U.S. Security Associates, Inc.*, Index No. 54298-2019 (Westchester Sup. Ct. Oct. 15, 2021) (Hon. James W. Hubert granted final approval of a class action settlement of $889,415.50 with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees); *Frederick v. OS Restaurants LLC*, Index No. 151139-2018 (Richmond County Sup. Ct. March 8, 2021) (Granting final approval of $300,000 settlement with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees); *Parilla v. Airport Management Services LLC*, Index No. 159825-2018 (New York County Sup. Ct. July 15, 2020) (Hon. Louis L. Nock granted final approval of class settlement with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees); *Kirkland et al. v. Kangaroo Fleet Management NY LLC*, Index No. 505299-2018, Kings County Sup. Ct.) (Granting final approval of settlement with Bouklas Gaylord LLP as class counsel and awarding one-third as attorneys' fees); *LeeAnn Hernandez v. NY4 Pretzels, Inc., et al.*, Index No. 159825-2018 (Queens County Sup. Ct. 2018) (Hon. Timothy J. Dufficy granted final approval of class settlement with Bouklas Gaylord LLP as class counsel and awarding one-third of the settlement as attorneys' fees).Hon. Katherine Polk Failla of the Southern District of New York, discussing Bouklas Gaylord LLP, specifically stated that "class counsel involves experienced litigators who have successfully represented classes in class action and have extensive experience in labor law cases." *Brown,* 18-

CV-8038 (KPF) (SDNY, Sept. 19, 2019). Cases handled by Class Counsel have consistently been approved by the courts in which they were litigated, along with the attorneys' fees requested.

12. Class Counsel expended considerable time and effort litigating this matter, and ultimately, reaching a settlement that fully compensates Plaintiff and Class Members. In doing so, Class Counsel evaluated the merits of the claims made against Defendants and the impact of the Agreement on Plaintiff and Class Members. Specifically, Class Counsel has considered a myriad of factors, including the substantial risks of continued litigation and the possibility that the case, if not settled now, might not result in any recovery or might result in a recovery several years from now that is less favorable to Plaintiff and Class Members than the recovery outlined in the Agreement.

13. Plaintiff Marisol Medina also contributed a significant amount of time and effort to the case by providing Class Counsel with detailed factual information regarding her job duties, providing certain records from her employment, information about Defendant's policies, and other information relevant to her claims, and regularly making herself available to communicate with Class Counsel when necessary, including throughout the settlement process.

Dated: September 20, 2024
       Commack, New York

Mark Gaylord, Esq.
*Attorneys for Plaintiffs*
357 Veterans Memorial Highway
Commack, New York 11725
Phone: (516) 742-4949
mark@bglawny.com