UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARISOL MEDINA, individually and on behalf of all others similarly situated,<br><br>                                              Plaintiff,<br>v.<br><br>NYC HARLEM FOODS INC, BRONX 163 FOODS INC.,<br>BRONX MARKET FOODS INC, NYC 143 FOODS INC,<br>NYC 96 FOODS INC, NYC 89 FOODS INC,<br>NYC PARK FOODS INC, NYC 125 FOODS INC,<br>NYC 159 FOODS INC, NYC 155 FOODS INC,<br>SUNNYSIDE BK QSR INC, NYC 116 BK QSR INC,<br>NYC 116 FOODS INC, NYC 121 FOODS INC,<br>NYC 114 FOODS INC, BRONX PROSPECT FOODS INC.,<br>NYC 145 FOODS INC., NYC LENOX FOODS INC.,<br>NYC 178 FOODS INC., BRONX 138 FOODS INC.,<br>RV EASTCHESTER FOODS INC., NYC 148 FOODS INC.,<br>NYC LEXINGTON FOODS INC., NYC 161 FOODS INC.,<br>BRONX 170 FOODS INC., ANDHRA FOODS INC.,<br>SOMYA FOODS, INC., RVN FOODS INC., and<br>SRINIVASA RAO TUMMALAPENTA, individually,<br><br>                                              Defendants | 21-CV-1321 |

**ORDER GRANTING FINAL APPROVAL OF CLASS AND SETTLEMENT ,
GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND
GRANTING PLAINTIFF'S MOTION FOR SERVICE PAYMENTS**

On April 11, 2023, the Parties to this action entered into a Joint Stipulation of Settlement and Release, (Doc. 110-1, the "Agreement"), and they applied for preliminary of the agreement and the terms thereof, (Doc. 105).  On May 29, 2024 this Court granted preliminary approval to the Agreement, and provisionally certified the Class under Rule 23 of the Federal Rules of Civil Procedure.  (Doc. 115.)  This Court subsequently directed that notice of the Agreement, its terms, and the applicable procedures and schedules be provided to the Class.  All Class Members were given an opportunity to object to the settlement and/or opt out of it.

On September 20, 2024 the Parties jointly filed a motion for Judgment and Final Approval

1

(the "Final Approval Motion").  (Doc. 117.)  The Court held a hearing on that motion on October 4, 2024 at 11:00 AM.

And, on September 20, 2024, Class Counsel filed a Motion for an Award of Attorneys' Fees and Costs and for Award of Service Payment, which Defendants did not oppose.  (Doc. 121.)  The Parties agree that both motions are to be considered by the Court separately from the Final Approval Motion.  The Court held a hearing on these motions on October 4, 2024 at 11:00 AM.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement the Final Approval Motion, as well as the Parties' briefs, declarations, and arguments in support of that motion, and the proceedings in this litigation to date, that:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all terms set forth in the Agreement;

2. The Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties;

3. This Court confirms as final its provisional certification under Fed. R. Civ P. 23(a) and (b)(3) of the Class solely for purposes of settlement and based on its findings in the Court's April 9, 2019 Order.  The Class raises the state law class claims identified in the Complaint.

4. The Court confirms as final the appointment of Marisol Medina as class representative.

5. The Court likewise confirms as final the appointment of Bouklas Gaylord LLP as Class Counsel.

6. If, for any reason, this Final Approval Order and the final judgment entered concurrently herewith do not become Final, this Final Approval Order, including the certification of the Class under Rule 23, and the grant of final certification of the Participating Claimants, shall

be vacated; the Parties shall return to their respective positions in this Litigation as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

7. The Notices to Class Members, pursuant to this Court's May 29, 2024 Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

8. The Court approves the Parties' retention of Martom Solutions LLC as Settlement Claims Administrator.

9. This Court grants final approval to the Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on Named Plaintiff all Class Members except those Class Members who timely opted out pursuant to the procedures set forth in this Court's May 29, 2024 Order and the Agreement. The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

10. By operation of the entry of this Order, the following claims are fully, finally and forever released, relinquished and discharged: all claims described in accordance with Section 4.1 of the Agreement. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and Fed. R. Civ. P. 23 and all other

applicable law.

11. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admits any violation of law or any liability whatsoever to Named Plaintiff and the other Class Members, individually or collectively, liability being expressly denied by Defendants.

12. The parties are ordered to carry out the settlement according to the terms of the Agreement.

13. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Agreement.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Class Counsel's Motion for an Award of Attorneys' Fees and Costs, as well as Class Counsel's briefs, declarations, and oral argument in support of that motion, that:

14. The Court grants to Class Counsel an award of attorneys' fees and costs of $434,192.15. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained.

15. This fee award supersedes and extinguishes any prior agreement between Class Counsel and Named Plaintiff and/or other Class Members concerning attorneys' fees and costs associated with this litigation, and it shall be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of the Named Plaintiff, the Current and the Class.

FINALLY, IT IS HEREBY ORDERED, upon consideration of the Motion Award of Service Payments, as well as their brief, declaration and oral argument in support of that motion, that:

5

16.     Service payment of $25,000 to Marisol Medina is approved. Such service payment is in addition to the amount Medina will otherwise be eligible to receive as her share of the recovery. Such service payments are to compensate Medina for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery.

Dated:  October 7, 2024
         New York, New York

*/s/ Vernon Broderick*
HON. VERNON S. BRODERICK
United States District Judge